DAVID A. THOMPSON
STECKLOW COHEN & THOMPSON

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/15

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

MEMO ENDORSED
March 9, 2015

The Application is granted.

SO ORDERED:

*[signature]*
Paul G. Gardephe, U.S.D.J.

Dated: March 12, 2015

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Vernon Jones v. The City of New York, 14-cv-8927 (PGG)

To the Chambers of the Hon. Judge Gardephe:

I write as counsel for the plaintiff in the above-captioned case. On Friday, I filed a letter requesting adjournment of the initial conference then scheduled for March 12, 2015 (now adjourned to April 16, 2015 pursuant to today's order by the Court). In that letter, I advised the Court that a process server anticipated effecting service on the two remaining individual Department of Corrections defendants by last Friday, but that there had been difficulties in effecting service that could delay completion of service further. Further attempts to serve these two remaining defendants were made on Friday and today, without success.

The Department of Corrections officers in question are Captain More, badge number 1364, and Officer John Smith II, badge number 18694. These two officers were on staff at Rikers Island (where this claim arose) on the date of incident, August 1, 2014. The process serving company has informed me that today the process server was told by an officer at Rikers Island who stated that neither of these officers are working at Rikers Island. I am informed that the officer denied the process server's request to speak to someone of higher authority, became belligerent, and ordered the process server to leave the premises. This was the process server's third attempt to effect service at that location.

I therefore respectfully request that the Court grant an extension of time to serve process on these two individuals. When the institutional defendant has appeared by counsel, which should occur on March 12, 2015, I will request to counsel that the City of New York identify the present work location of these two individuals. Should the City of New York refuse to provide the information, I will inform the Court of the need for Court intervention. I respectfully suggest that it would be appropriate to extend the plaintiff's time to serve these officers until April 17, 2015, which is the day after the April 16th initial conference. Should the City refuse to provide information concerning its employees' whereabouts, the initial conference could then serve as a pre-motion conference at which such matters could be resolved.

Respectfully submitted,

David A. Thompson