

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BEN KURUVILLA
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

March 27, 2015

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>Vernon Jones v. City of New York, et al.</u>,
               14 Civ. 8927 (PGG)

Your Honor:

      I am a senior counsel in the New York City Law Department, attorney for the defendant The City of New York in this action. I am writing to respectfully request an enlargement of time, *nunc pro tunc*, from March 20, 2015 until April 15, 2015, one day before the initial conference in this case, to respond to the complaint on behalf of the City. Plaintiff's counsel consents to this request.

      There are several reasons for seeking this extension of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In order to investigate the allegations in the complaint and meaningfully respond thereto, this office must review the relevant documents. Here, plaintiff alleges, *inter alia*, that on August 1, 2014, plaintiff was subjected to excessive force and deliberate indifference to his medical needs by members of the New York City Department of Correction ("DOC"). This office is in the process of requesting any relevant documents in the possession of DOC relating to this incident.

      In addition, since plaintiff is alleging physical and/or psychological injury as a result of this incident, we will need to review any medical records relating this incident. Accordingly, this office is in the process of forwarding to plaintiff's counsel for execution an authorization for the release of medical records limited at this time to treatment received as a result of the alleged incident, so that this office can properly assess the case and respond to the complaint.

Further, upon information and belief, individually named defendants, ADW Margarito and Office Massey have been served with the summons and complaint in this action, but, to date, we have not received a request for representation from these officers. Without making any representations on behalf of these officers as to the adequacy of service or otherwise, the City respectfully requests that the Court, *sua sponte*, afford these officers the same extension so that their rights are not prejudiced while this office determines whether it may also represent these officers. Further, upon information and belief, the individually named defendants, John Smith II and Captain More, have not been served with the summons and complaint. Therefore, this enlargement may give the plaintiff time to serve these defendants. Once these officers are properly served, this enlargement may also allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent these officers as well. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to respond to the complaint be enlarged from March 20, 2015 until April 15, 2015, which is one day before the initial conference. No previous request for an extension of time to respond to the complaint has been made in this action.

I thank the Court for its time and consideration of this request.

.

          Respectfully submitted,

          /s

          Ben Kuruvilla
          Senior Counsel

cc:    David Thompson, Esq. (By ECF)
       *Attorneys for Plaintiff*