

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

## LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**BEN KURUVILLA**
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

July 2, 2015

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Vernon Jones v. City of New York, et al.</u>,
               14 Civ. 8927 (PGG)

Your Honor:

      I am a senior counsel in the New York City Law Department, attorney for the defendants The City of New York, Tiffany Massey and Edith Margarito in this action. I am writing to respectfully request a sixty (60) day extension of the deadline for fact discovery, from July 15, 2015, until September 14, 2015. Plaintiff's counsel consents to this request.

      The reason for seeking this extension is that defendants have not yet received a potentially critical piece of evidence in this case from the Department of Correction ("DOC"), namely the videotape surveillance of the incident. Although defendants requested this material at the outset of the litigation, DOC has not yet located and provided the requested video. The video is critical to the parties' litigation strategy and potential settlement talks on this case. As the Court is aware, this case arises from plaintiff's claim that he was subjected to excessive force while in DOC custody. Defendants deny plaintiff's allegations and assert that plaintiff initiated an assault on a corrections officer and that any force used by DOC personnel was reasonable and only used in response to plaintiff's force and in order to restrain him. According to records relating to this incident, plaintiff received a disciplinary infraction arising from this incident. According to those records, the infraction was based, in part, on a review of the videotape surveillance of this incident. The videotape, therefore, captured at least part of the incident and would be directly and highly relevant to plaintiff's claims and defendants' defenses in this matter.

      The undersigned has been advised that DOC is continuing to search for the videotape and will produce it as soon as it is located. I am further informed that there is no reason at this time

to believe that the video has been lost or misplaced. The parties' review of the video will determine how the parties intend to proceed in terms of settlement on this case. Further, in the event the video does not exist or has been lost or misplaced, the lack of video evidence will be important to plaintiff's litigation strategy moving forward and in defendants' evaluation of this case. Accordingly, the parties cannot proceed with discovery, including depositions of the parties, until the status of the videotape has been confirmed.

The parties have moved forward with other aspects of discovery. Defendants have produced relevant document discovery, including the DOC Use of Force Reports and witness statements relating to this incident, the incident report narrative relating to this incident and records relating to plaintiff's disciplinary hearing regarding this incident. Defendants will also produce an audio recording of plaintiff's infraction hearing in the coming days. In addition, the parties have exchanged sets of document requests and interrogatories as well.

However, the parties cannot proceed with depositions and additional discovery until the status of the video surveillance tape has been confirmed and, if it exists, received by the parties and reviewed. I expect that the search for the videotape will be completed by mid-July. Accordingly, we respectfully request that the Court extend the fact discovery deadline in this case from July 15, 2015 until September 14, 2015.

If the Court is inclined to grant this request the defendants request the following additional adjustments to the discovery schedule:

1. Completion of All Expert Discovery – Current Deadline: August 29, 2015; Proposed Extension: **October 28, 2015**

2. Every party proponent that intends to offer expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) must make disclosures - Current Deadline: July 15, 2015; Proposed Extension: **September 14, 2015**

3. Every party-opponent who intends to offer expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) must make disclosures - Current Deadline: July 29, 2015; Proposed Extension: **September 28, 2015**

4. Date by which counsel must meet face to face to discuss settlement – no later than 14 days after close of new fact discovery deadline

5. Party intending to make post-discovery dispositive motions must file pre-motion letter in accordance with Court's Individual Rules – Current Deadline: September 7, 2015; Proposed Extension: **November 6, 2015**

6. Opposition to Pre-Motion Letters due by – Current Deadline: September 10, 2015; Proposed Extension: **November 11, 2015**

If the Court is inclined to grant the above requests, then the parties request an adjournment of the July 16, 2015 pre-trial conference until a new date, following the completion of fact discovery, which is convenient for the Court.

Finally, the parties believe that a settlement conference near or at the end of the fact discovery period would be beneficial in this case. Accordingly, if the Court is inclined to grant the above adjustments to the discovery schedule, the parties request a reference to a magistrate judge for a settlement conference, to occur near the end of the new proposed fact discovery deadline, which is September 14, 2015.

No previous request for an extension of the discovery deadlines has been made in this action.

I thank the Court for its time and consideration of this request.

.

                                                        Respectfully submitted,

                                                                      /s

                                                        Ben Kuruvilla

cc:      David Thompson, Esq. (By ECF)
           *Attorneys for Plaintiff*