# DAVID A. THOMPSON
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/15

September 3, 2015

**BY ECF**
Honorable Judge Paul G. Gardephe
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   Jones v. The City of New York 14-cv-8927

Dear Honorable Judge Gardephe:

MEMO ENDORSED:
The case management plan is amended to include the dates per first amended letter. The next conference in this matter will take place on Jan. 14, 2016 at 10:00 A.M. Plaintiff's counsel will advise the court by Oct 22, 2016 whether there are any remaining discovery disputes.

Pursuant to this Court's individual rules, the parties submit this joint letter setting forth discovery issues for resolution by the Court. Defendants also seek a second extension of the fact discovery deadline for the reasons set forth below. The plaintiff does not oppose this request for an extension.

The facts of this case are simple. The plaintiff was incarcerated at Rikers Island. **SO ORDERED:** While being moved within the facility, the plaintiff contends that he was attacked by a guard who had a grudge against him, that other guards in the attack. The plaintiff was pepper sprayed, and had bones in his hand broken. He was placed in punitive confinement.

*Paul G. Gardephe, U.S.D.J.*

Oct. 15, 2015

The defendants contend that the force used on the plaintiff was justified. Specifically, it is defendants' contention that while plaintiff was being escorted back to his cell, he spontaneously, and without provocation, punched a correction officer. The correction officer used necessary force to defend himself and restrain plaintiff. Plaintiff continued to resist restraint, even after several officers responded to the location to attempt to restrain him. Ultimately, plaintiff was restrained and removed from the area.

Both sides agree that the incident took place in a location within Riker's Island that is subject to constant video surveillance. Indeed, the plaintiff believes that two different sets of cameras were positioned to record what happened. Both sides agree that the video evidence has the potential to be dispositive of issues of liability.

At the April 16, 2015 initial conference, counsel for defendants, A.C.C Ben Kuravilla at the New York City Law Department, acknowledged the defendants' obligation to produce the video footage of the incident. The defendants continue to acknowledge this obligation. In this sense, there is no dispute. However, the defendants have not produced the video. The defendants did not respond to the plaintiff's document demands and interrogatories until yesterday, and although the defendants did previously produce some documents. Plaintiff's counsel has not had the opportunity to review the response in full detail. However, the responses appear merely to recite objections to the demands and interrogatories, and provide no new information or documents. The defendants' responses were due on July 13th. Because the responses were not

1

timely made and did not timely raise objections, the plaintiff contends that those objections are waived. The plaintiff also contends that it is highly unlikely that there are no further information or documents relating to the incident, the plaintiff's disciplinary proceeding, the personnel records of the defendants, and the institutional policies relating to the use of force (including pepper spray), among other things. The plaintiff therefore contends that the responses are substantively as well as formally inadequate. The defendants disagree that objections have been waived, that the responses are inadequate, and state that the responses reflect the best information presently available after proper due diligence. Defendants' counsel further states that all documents in his possession were produced in July and defendants are continuing efforts to locate any and all responsive, non-privileged documents.

Counsel for the plaintiff has spoken with counsel for the defendants on several occasions. We conferred by phone for approximately 10 minutes on June 25th. Plaintiff's counsel sent defendants a letter detailing the above-noted deficiencies in defendants' discovery production, on July 22, 2015. Counsel conferred in person, again for approximately 10 minutes, on July 30th. Counsel for the defendants stated that the video would be produced, but that nothing had been received from the City agency. We have briefly conferred since concerning whether there were any changes is status. Because there has not been any actual disagreement between us concerning what needs to be done, counsel for plaintiff has been hesitant to take the Court's time with this issue. However, the present deadline of discovery of September 15, 2015 compels the plaintiff to seek relief from the Court.

Defense counsel has made multiple requests to the Department of Correction ("DOC") to locate the video. DOC has been making efforts to locate the video surveillance, but it has not been located it. As the Court will recall, defendants sought a discovery extension on July 2, 2015, with plaintiff's consent, based on the search for the videotape and the fact that it had not been located yet. See Docket No. 20. At that time, defendants expected that the search for the video would be completed by mid-July, but it has not been located yet. Defendants now propose that the Court permit DOC's search for the video continue for another two weeks, until September 18, 2015. If the video has not been located by that date, defendants will advise plaintiff and the parties will proceed accordingly.

In light of defendants' request that DOC be permitted until September 18, 2015 to continue the search for the videotape, defendants request a second discovery extension from the Court. Defendants request a sixty (60) day extension of fact discovery to allow for the above-described search and subsequent discovery, including depositions. The current fact discovery deadline is September 14, 2015. Accordingly, defendants seek an extension of fact discovery from September 14, 2015 until November 13, 2015. Plaintiff's counsel consents to this request.

If the Court is inclined to grant this request, the defendants request the following additional adjustments to the discovery schedule:

1. Completion of All Expert Discovery – Current Deadline: October 28, 2015; Proposed Extension: **December 28, 2015**

2. Every party proponent that intends to offer expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) must make disclosures - Current Deadline: September 14, 2015; Proposed Extension: **November 16, 2015**

2

3. Every party-opponent who intends to offer expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) must make disclosures - Current Deadline: September 28, 2015; Proposed Extension: **November 30, 2015**

4. Date by which counsel must meet face to face to discuss settlement – no later than 14 days after close of new fact discovery deadline

5. Party intending to make post-discovery dispositive motions must file pre-motion letter in accordance with Court's Individual Rules – Current Deadline: November 6, 2015; Proposed Extension: **January 6, 2016.**

6. Opposition to Pre-Motion Letters due by – Current Deadline: September 10, 2015; Proposed Extension: **January 11, 2016.**

    If the Court is inclined to grant the above requests, then the parties request an adjournment of the October 1, 2015 pre-trial conference until a new date, following the completion of fact discovery, which is convenient for the Court.

    The plaintiff seeks an order compelling immediate production of the video and proper responses to the plaintiff's document demands and interrogatories, with conditional sanctions including precluding the defendants from contesting liability if they fail to do so. Defendants respond that good-faith efforts are being used to locate the video and that defendants will report on the status of those searches to plaintiff on or before September 18, 2015. While the defendants dispute that their document demands and responses are inadequate, the defendant will continue to diligently search for responsive information.

Respectfully submitted,

David A. Thompson