# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

November 3, 2015

**BY ECF**
Honorable Judge Paul G. Gardephe
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re: <u>Jones v. The City of New York,</u> 14-cv-8927

Dear Honorable Judge Gardephe:

      I write in relation to the plaintiff's ongoing efforts to obtain video evidence of the incident from the defendants. As the Court may recall, at the initial conference, on April 17, 2015, the defendants acknowledged that video of the incident existed, that it was discoverable, and that it might be determinative of liability in this case. From that day to this, the defendants have failed to produce the video.

      In September, the defendants produced a disk which allegedly contains video of the incident. On September 25th, in response to my earlier complaint that I could not open the video, counsel for the defendants confirmed that he too was unable to view the video that the defendants produced. By October 22, when I filed a status letter with this Court pursuant to this Court's instructions, the defendants had not remedied this issue despite having promised to do so.

      On October 30th, counsel for the defendants emailed me to say that he was finally able to open his own video, and "it is just a matter getting the proper software to open it." Counsel stated that if I couldn't open it, I could view it a single time in his office. The plaintiff asked the defendants to indicate the proper software to open the defendants files, while at the same time expressing the plaintiffs position that – six months after the defendants pledged to produce the video – it was utterly unreasonable for the defendants to produce it in a format that seems only to be viewable in the office of defense counsel.

      On October 30, 3015, counsel for the defendants indicated that the video could be opened with the software downloadable at: http://www.fileviewpro.com/en/file-extension-g64. Accordingly, I downloaded the software linked. I installed it. The

1

software: 1) failed to open the video (See Ex. 1),[1] and 2) installed malware on the computer (See Ex. 2).[2]

The federal rules don't always require a party to produce material in a particular format. In April, if the defendants had timely produced the video in a proprietary format, I probably would have had little to say about it. I would have had, after all, the entire period of discovery to figure out how the video could be opened, and to assess whether the video (once opened), was the video promised. At this point, however, discovery in this case has been extended more than once, largely because the defendants were not able or willing to produce the video in **any** format until very recently. While it might have been reasonable to say, in April, "This is the format, take it or leave it," the same stance is unreasonable in November, with discovery about to close and no depositions done.

Even if the video opened flawlessly now, the plaintiff will already have lost the ability to do full discovery based on information shown in the video. But the situation is worse than that. With only days left in discovery, the plaintiff is (according to the defendants) required to figure out how to open this video. Even defendants' counsel was unable to do open the video for more than a month after receiving it from counsel's own client, despite having that client's resources to draw upon. If I succeed in opening it, it may well be that the video is the wrong video, or incomplete, or edited (it would not be the first time that happened with a municipal defendant) and the plaintiff would have very little time to do anything about it. Call it strategic incompetence, or what you will, but the defendants stand to benefit from this situation.

The defendants should be compelled to produce the video, immediately, in a non-proprietary format widely adopted in the marketplace (whether .mp4 or .flv, or something else). The defendants recently refused to do so: "This is the only format in which the video exists. We are not required to alter the format if you are unwilling to download the software necessary to play it." Defendants did **not** say they **cannot** change the format, only that this format "exists", and they are "not required" to change it. It is impossible to believe that the City of New York makes use of this video format but lacks the ability to convert it as needed. Again, I might have been sympathetic with this 'principled' refusal to covert the video if I had gotten the disc with these proprietary files six months ago. Now, however, the defendants should be compelled to bear the burden of their own delay and either produce the video in a legible format or be deemed to have refused its production.

Respectfully submitted,

David A. Thompson

---

[1] The jumble of characters shown is the "video" as opened by the software.
[2] "WinThruster" is now running on the computer, as is a "MyStart"/"Yahoo" malware in Windows Explorer.