

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BEN KURUVILLA**
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

November 6, 2015

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Vernon Jones v. City of New York, et al.,
             14 Civ. 8927 (PGG)

Dear Judge Gardephe:

      I am a Senior Counsel in the New York City Law Department, assigned to represent the defendants in this matter. I am writing in response to plaintiff's letter, dated November 3, 2015, which requested that the Court compel defendants to produce a previously produced video in an alternative electronic format. Despite the fact that defendants produced the subject video to plaintiff in September, nearly seven (7) weeks ago, in the only format in which it is maintained, plaintiff refuses to download the necessary software required to play it. The Court should deny plaintiff's motion and order that plaintiff take the basic steps required to play the video.

      The subject video contains footage from a security surveillance camera which was located at Rikers Island, and it captures the incident at issue in this case. The software required to play this video is licensed from a company called Genetec. Specifically, a .g64 player from Genetec is required to be downloaded in order to play the video. This is the only format in which this surveillance footage is able to be played. When I first received the video, it would not open on my computer, as I did not have a .g64 player installed. At the time the video was produced to plaintiff by defendants in September, the undersigned made two duplicate copies of the video provided to me by the Department of Correction ("DOC"). One copy was provided to plaintiff. I retained the other duplicate copy along with the original CD provided by DOC.

      At the time I produced the video to plaintiff's counsel, I advised him that the video was not opening on my computer and requested that he make efforts to open the disk on his computer and report whether he had any success. At that time, plaintiff's counsel advised that he could not open the disk and he requested that it be provided in another format.

Although the federal rules do not require that defendants produce this video in the format of plaintiff's choosing, I nevertheless made good faith efforts to follow up with DOC to determine if the video could be produced in some other format. Specifically, I sent the original video provided by DOC back to my liaison at DOC's legal division, retaining the second duplicate copy that I had made at the same I made plaintiff's copy, and asked DOC legal to open the video in another format if possible.

I was subsequently advised by DOC that the format of the video cannot be altered. I was advised by DOC that the video can be played with a .g64 player.[1]  I then had a .g64 player downloaded on my computer. As soon as this was done, I was able to play my duplicate copy of the video on my office computer, using the .g64 player. I immediately advised plaintiff's counsel of the appropriate software required to open the video. Indeed, in an e-mail to plaintiff's counsel, I specifically requested that plaintiff give me a call over the phone if he had any trouble opening the video and I would walk him through the steps needed to open it. Further, I advised plaintiff that if he had any trouble, I would make myself available at his convenience so he could come to my office and view the video on my office computer. Plaintiff's counsel responded that he could not accept watching the video in my office.[2]

In addition, I advised plaintiff's counsel that the .g64 player can be downloaded from the internet and that a simple Google search would pull up multiple websites that could assist with downloading the necessary software. As one example, I also sent plaintiff's counsel a link to a website that could assist with information about downloading the video, but also advised that he could find the player doing his own independent and simple search on Google. Plaintiff immediately responded that if the software link I attached does not open the video, he would be "writing to the Court and seeking fees." Plaintiff had no further communication with me before filing the current motion. Plaintiff made no effort to further describe to me the steps he took to download the software or to attempt to open the video before he filed this motion.

Despite the fact that this video captures the incident at issue, is likely to directly inform the parties' settlement positions, if any, and is highly relevant evidence, plaintiff has made little to no independent effort to play this video. In an effort to divert the Court's attention from the issue at hand, *i.e.*, plaintiff's refusal to make any real efforts to download the necessary software, plaintiff writes in his letter to the Court that the link I forwarded to him to assist with downloading the software has caused a "Yahoo toolbar" to appear on his computer. Plaintiff never contacted me to advise that there was a problem with the link I sent him. Instead, he filed this motion to complain to the Court about an unnecessary "Yahoo toolbar" on his computer, which can easily be removed. If plaintiff is serious about viewing this video, he should make

---

[1] The liaison at DOC was also able to play the video using Windows Media Player, but he also has the .g64 software installed on his computer as well.

[2] This response from plaintiff's counsel was curious given that when the video was first produced over seven (7) weeks ago, but was not playing on my computer at the time, plaintiff's counsel told me that he would be willing to come to any computer where the video could be played in order to view it.

serious efforts to download the proper software required, which is available to him from multiple sources. As noted above, as soon I downloaded the necessary software, I was able to play the video on my office computer. I did not receive any new video from DOC, but instead used the same duplicate of the copy I previously produced to plaintiff. If plaintiff downloads the necessary software, he will also be able to view the video, but he chooses not to do so.

Plaintiff offers no support for his argument that defendants are required to produce the video in a different format. Indeed, plaintiff even concedes in his letter that defendants are not required to do so. <u>See</u> Docket No. 25 at Page 2, paragraph 1. Fed. Rule 34(b)(2)(E) governs production of electronically stored information. That rule specifically provides that a party is only required to produce documents or electronically stored information as those documents "are kept in the usual course of business." (<u>see</u> Fed. R. 34(b)(2)(E)(i)) or the form in "which it is ordinarily maintained". <u>See</u> Fed. R. 34(b)(2)(E)(ii). Finally, the rule also provides that a "party need not produce the same electronically stored information in more than one form." <u>See</u> Fed. R. 34(b)(2)(E)(iii). Here, defendants produced the video nearly seven (7) weeks ago in the only format in which it is maintained. Defendants have advised plaintiff how to play the video. Defendants have met their discovery obligations by producing the video in its current format.

Finally, plaintiff's refusal to take the basic steps required to simply open the video along with his current request that the Court order that defendants have "deemed to have refused [the video's] production" is a transparent attempt by plaintiff to have this video precluded from use at trial. As the plaintiff is aware, plaintiff received an infraction from DOC for his conduct during this incident. This infraction was based in large part on review of the video footage. Indeed, the video footage shows, contrary to plaintiff's assertions in his complaint, that plaintiff initiated this incident by making improper physical contact with a DOC officer. Clearly, it is in plaintiff's interests to have this video surveillance evidence precluded at trial. The misleading assertions in plaintiff's recent letter, coupled with his refusal to take the most basic necessary steps to open the video, belie his attempt to lay the groundwork for seeking to preclude this damaging evidence at trial. The Court should reject this transparent attempt and find that defendants have met their discovery obligations by producing the video and order plaintiff to make real independent efforts to view the video if he is truly interested in doing so. Defendants' counsel remains willing to offer plaintiff's counsel the opportunity to view the video on defense counsel's computer if plaintiff's counsel remains unwilling to download the necessary software to view it on his own computer.

I thank the Court for its time and attention to this matter.

Sincerely,

*/s/ Ben Kuruvilla*

Ben Kuruvilla

cc:     **VIA ECF**
        David Thompson, Esq.