# David A. Thompson
# Stecklow & Thompson

217 Centre Street, 6th Floor
New York, New York 10013
Tel:   (212) 566-8000
Fax:   (212) 202-4952
DAVE@SCTLAW.NYC

November 13, 2015

**BY ECF**
Honorable Judge Paul G. Gardephe
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

       Re: <u>Jones v. The City of New York,</u> 14-cv-8927

Dear Honorable Judge Gardephe:

    I write to update the Court concerning certain discovery issues that have been brought to the Court's attention in previous letters.

    In a recent conference call with Mr. Raj Trehan of the Court's chambers, the defendants agreed to determine whether or not the video of the incident could be produced in a form viewable by the plaintiff and/or to determine whether the software defendants say is required to view the video in its current form can be provided to the plaintiff. Subsequently, counsel for the defendants notified me by email that his office was attempting to put the video on another disk, and also include a copy of the software needed to view the video on the same disk. Today, I received email notification from defendants' counsel that counsel had received a disk, which counsel was putting in the mail to me today. Counsel estimated that I will receive it Monday. The undersigned cannot know whether the video on the disk not yet received will be viewable (the last video disk was not viewable). However, defendants appear to be taking steps to do what they promised to do in the recent call. I will inform the Court, when the disk is received, whether it is viewable.

    In the same conference call, I requested that the Court direct the defendants: 1) to identify the custodian of the video, and 2) to direct that the custodian provide an affidavit stating whether or not the video could be produced in non-proprietary format. If the video received is viewable, the plaintiff will waive the request for an affidavit, but would still request that the defendants identify the video custodian.

    The plaintiff's letter of October 22, 2015, submitted in compliance with the Court's October 15, 2015 Order, identified other discovery issues. Part II of the letter identified issues concerning which the parties were in agreement, and requested that the Court "so-order" the agreement set forth by the parties. The plaintiff respectfully

requests that the Court so-order Part II of the October 22nd letter. Part III identified two issues concerning which the parties could not agree. Neither issue is mission-critical to the resolution of the case, but the issue of the confiscation of the plaintiff's legal papers is a matter of concern, which the plaintiff requests that the Court address at the Court's convenience.

Respectfully submitted,

David A. Thompson