

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BEN KURUVILLA
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

January 5, 2016

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Vernon Jones v. City of New York, et al.,
              14 Civ. 8927 (PGG)

Dear Judge Gardephe:

      I am a Senior Counsel in the New York City Law Department, assigned to represent the defendants in this matter. I am writing in response to plaintiff's counsel's letter, dated December 23, 2015, regarding plaintiff's efforts to play a video previously produced by defendants. As further discussed below, defendants also request that the January 6, 2016 deadline for submission of pre-motion letters be adjourned *sine die*. Plaintiff's counsel consents to the request to adjourn the pre-motion letter deadline.

      As detailed in defendants' previous letters to the Court (see Docket No. 26 and 28), defendants produced the subject video to plaintiff nearly four (4) months ago. Since then, plaintiff has done little to nothing to advance this case. This matter has now been delayed since the early part of September because plaintiff refuses to make proper arrangements to play the video that was previously produced by defendants. The video shows the incident in this case. If plaintiff's counsel would simply view it, the parties could potentially discuss a speedy resolution of the matter or otherwise commence depositions and the remainder of discovery. The undersigned is dumbfounded at plaintiff's counsel's utter refusal to watch the video.

      As detailed in prior letters, defendants are under no obligation to produce the video in any format other than the one in which it exists and is originally maintained. See Fed. Rule Civ. P. 34(b)(2)(E)(ii). Moreover, defendants are not required to produce electronically stored information in more than one form. See Fed. Rule Civ. P. 34(b)(2)(E)(iii). Defendants have already produced the video, in September 2015, in the form in which it is originally maintained. Despite this, defendants have made extraordinary efforts, beyond what is required under the Federal Rules, to assist plaintiff with playing the video in the wake of plaintiff making no

independent effort to play it. For example, I had advised plaintiff that the software necessary to view the video can be downloaded from the internet. Plaintiff's counsel apparently made no independent effort for months to download the software and instead demanded that defendants provide the video in a different format. See Docket Nos. 25 and 26. After a conference with the Court's clerk in November, I then volunteered to have the Law Department's IT department burn the software required to view the video onto a CD and provided that CD to plaintiff's counsel. See Docket Nos. 27 and 28. Plaintiff's counsel alleges that this did not resolve the problem even though the exact same CD was used on my office computer before sending to plaintiff and the video was opened successfully.

I have also offered to personally go to plaintiff's counsel's offices to assist with downloading the software. I have also offered to bring my own laptop to plaintiff's counsel's office to play the video for him on my laptop. I have also offered plaintiff's counsel the opportunity to come to my office to view the video on my office computer. Plaintiff's counsel has refused these offers with no reasonable explanation. Given that one viewing of the video could potentially inform plaintiff's counsel whether his client has truthfully reported the facts of this incident to him, it is mindboggling to me as to why plaintiff's counsel does not simply take me up on these offers to view the video at least one time.

After I mailed plaintiff's counsel the second CD containing the video and necessary software on November 13, 2015, I heard nothing for over a week. I emailed him on November 24, 2015 to inquire as to whether he was able to successfully open the video with the provided software. On November 30, 2015, Plaintiff's counsel e-mailed that he tried to open the CD, but could not. I immediately wrote back within 15 minutes and requested that we discuss the matter by telephone so that I could talk him through the process if necessary. I also asked whether plaintiff's counsel had located the link to the software that had been burned onto the CD by the Law Department's IT department. Plaintiff's counsel did not respond. Hearing nothing, I e-mailed counsel again on December 3, 2015 to check on the status of the video. I also indicated yet again that I remain open to coming to plaintiff's counsel's office or to have him come to my office to view the video. The only response I received was that plaintiff would seek to have the video professionally converted and add this to the cost of the lawsuit. (December 3, 2015 e-mail from D. Thompson, Esq.) There was no response to the suggestion that counsel come view the video at my office.

The next communication from plaintiff's counsel was his December 23, 2015 letter to the Court, on the eve of the December 28, 2015 discovery deadline[1], where he now writes that he has allegedly contacted eight (8) video security companies to convert the video into a different file. Plaintiff's December 23 letter indicates that most of these companies "cannot do these files". Again, it remains baffling why plaintiff's counsel, after making no efforts for months to download the necessary software and refusing to allow me to assist him with viewing the video, is now allegedly attempting to have various companies convert the video into a different format rather than simply using the software necessary to open it. If plaintiff's counsel would have

---

[1] Plaintiff's letter does not raise the fact that the fact discovery deadline has expired and the expert discovery deadline was set to expire on December 28, 2015.

allowed me to visit his office and show him the video on my laptop, allowed me assist him with downloading the software or come to my office to view the video, these alleged futile attempts at conversion would perhaps have been unnecessary.

In plaintiff's December 23 letter, counsel alleges that he spoke with someone from the Genetec Corporation, which is the company that licenses the software necessary to view the video. Counsel alleges that a representative from this company informed him that the video can be outputted in a different format. Based on this alleged communication, plaintiff's counsel claims, somehow with absolute certainty, that the Department of Correction ("DOC") has the technical ability to output this video in a different format. This is not true. As I already advised plaintiff months ago, I have inquired as to whether DOC can alter the format of this video or produce the video in a different format. DOC has advised that it is unable to do so. The only solution is for plaintiff's counsel to download the necessary software and view the video in the form in which it is maintained. Plaintiff's counsel claims in his December 23 letter that he has now allegedly attempted unsuccessfully to download the necessary software. Despite plaintiff's alleged inability to download the software, plaintiff's counsel has refused to allow me to assist him with downloading it or otherwise has refused to view the video on a computer where it actually works. This is a curious and confusing position given that plaintiff has expressed no desire to move forward with discovery or depositions until he sees the video.

As the court is likely aware, the discovery deadlines for this case have now passed. No depositions have occurred and no expert discovery, if any, has taken place. The current deadline for submission of pre-motion letters is January 6, 2016. As noted above, defendants request, with plaintiff's consent, that the deadline for submission of pre-motion letters be adjourned *sine die* in light of the fact that discovery has not been completed due to the issues discussed in this letter and in prior letters regarding the video. The parties' next scheduled conference with the Court is on January 14, 2016.

Sincerely,

*/s/ Ben Kuruvilla*

Ben Kuruvilla

cc: **VIA ECF**
David Thompson, Esq.