# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:     (212) 566-8000
FAX:    (212) 202-4952
DAVE@SCTLAW.NYC

January 25, 2016

**BY ECF**
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:  Vernon Jones v. The City of New York, 14-cv-8927 (PGG)

Dear Honorable Judge Gardephe:

        I write as attorney for the plaintiff in the above-captioned case. I write to respectfully request that the Court so-order the attached stipulation (Ex. 1), for the reasons stated herein. Briefly, this relief should be granted because the defendants expressly agreed to the substance of the stipulation, but have unreasonably failed to execute it despite the passage of weeks since the matters were agreed.

        On October 22, 2015, I submitted a letter to the Court stating the status of all disputed issues in discovery. (Ex. 2). Part II of the letter set forth many issues upon which the parties had reached **agreement**, through a telephonic conference between counsel prior to my filing of the letter. Although the October 22, 2015 letter was not a joint letter, before filing it I submitted it to counsel for the defendants for review. Referring to Part II of the letter, counsel for the defendants stated via email that, "[t]he letter reflects our discussions with the following exceptions...," identifying a single point of disagreement with respect to plaintiff's document request number 25. (See Ex. 3). Prior to filing, I removed the disputed provision entirely. Thus, Part II of the October 22, 2015 as filed consists entirely of material reviewed and agreed by the defendants.

On November 17, 2015, the Court directed that the parties submit these agreed issues in the form of a stipulation. I submitted a proposed stipulation to counsel for the defendants on December 23, 2015. (See Ex. 1; Ex. 4). The stipulation incorporated the already-agreed language of the October 22, 2015 letter word for word. Because the language had already been expressly agreed to by the defendants via email, I signed the stipulation, and requested that counsel for the defendants file it after signing. However, the defendants did not execute or file the stipulation.

Prior to the January 14, 2016 conference, I followed up with defendants' counsel, who stated he would review the stipulation. Immediately before the conference, counsel for the defendants informed me that he agreed with the stipulation, but that he had "tweaks," which I understood to refer to very minor changes that would be unlikely to raise any dispute. On the basis of this representation, during the conference I informed the Court that I understood that the parties had no substantial discovery disputes (apart from the video issue which was addressed separately). I mentioned on the record that the defendants had agreed to the stipulation subject to possible minor "tweaks." The defendants did not dispute my statement.

A week has passed, and the defendants have not made known any specific "tweaks" or objections to the proposed stipulation. After close of business Friday, I emailed counsel for the defendants asking him to provide any "tweaks" the defendants wished to make to the proposed stipulation by close of business today. I received no response.

I now respectfully request that the Court so-order the stipulation notwithstanding the defendants failure to execute it. The defendants expressly agreed, in writing, to the substance of the stipulation on October 22, 2015. Between December 23, 2015 and January 14, 2016, the defendants had the proposed stipulation in their possession for review and made no objections of any kind to the contents. Between January 14, 2016 and today, the defendants have failed to execute the stipulation or request any changes to it. By their longstanding failure – over more than one month -- to make any desired changes known, the defendants have waived them. A

Court Order is required because discovery will close soon, and it is necessary to clearly define the scope of what remains to be done if there is to be any possibility of an orderly and timely termination of discovery. The defendants will not be prejudiced by the Court's Order, because whatever changes (if any) the defendants may have had in mind were – by the defendants' representation communicated to the Court during the January 14, 2016 conference – mere "tweaks."

For the foregoing reasons, I respectfully request that the Court so-order the attached stipulation (Ex. 1).

Respectfully submitted,

David Thompson