# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

October 22, 2015

**BY ECF**
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Vernon Jones v. The City of New York</u>, 14-cv-8927 (PGG)

Dear Honorable Judge Gardephe:

Pursuant to your Honor's Order of October 15, 2015, I am writing to inform the Court of the Plaintiff's outstanding discovery disputes.

### Part 1: Video

The most important outstanding discovery issue remains the fact that the defendants have not produced the video of the incident. This is not a dispute concerning the scope of discovery, because the defendant agrees that video exists and must be produced.[1] However, the video still has not been produced. At the time of my September 3, 2015 letter, the defendants position was as follows: "Defendants respond that good-faith efforts are being used to locate the video and that defendants will report on the status of those searches to plaintiff on or before September 18, 2015." On or about that date, I received a disk supposedly containing the video, but the video was unreadable by my computers. Counsel for the defendants confirmed that the video was unreadable by his computers as well. Counsel for defendants, by email dated September 25th, promised to remedy this, but has not yet done so.

In my September 3rd letter, I asked that the Court issue "an order compelling immediate production of the video ... with conditional sanctions including precluding the defendants from contesting liability if they fail to do so." I believe that the sanction of preclusion on the issue of liability would be appropriate because the video evidence is believed to show the incident itself,

---

[1] It was undisputed at the April 17, 2015 pretrial conference that the incident had been filmed by at least one video camera at the Riker's Island facility. At that conference, the defendants stated that they would produce this video.

and could be dispositive on issues of liability. An extreme sanction is also supported by the long duration of the defendants' failure to produce the video, from first acknowledging its existence and discoverability on April 17, 2015, to the present. In addition, this failure has caused delay in the case in general, and in depositions in particular. The defendants' depositions have been adjourned several times because it seemed (and would be) a waste of resources to depose the defendants without having received the video, only then to have to reopen each deposition once the video was produced.

For the foregoing reasons, with due consideration of the defendants' continuing failure to produce the video since this issue was first placed before the Court, and considering that an appropriate order might incentivize compliance, **the plaintiff respectfully requests that the Court issue an Order directing the defendants to produce the video in legible form by a date certain or be subject to the sanction of preclusion**. On the present schedule, in which fact discovery closes on Nov. 13th, and given that possession of the video is reasonably necessary for depositions to be held, the plaintiff suggests that the date certain for defendants' compliance be Wednesday, October 28, 2015.

However, while conferencing this issue with defendants' counsel, Mr. Kuruvilla and I conferred under the mistaken belief that the close of fact discovery was December 28, 2015 (which is actually the date for the close of _expert_ discovery). On that mistaken basis, we mutually agreed that a reasonable "drop dead" date would be – accounting for holidays – a bit more than a month in advance of the December 28th "fact discovery" end date, and the parties agreed that November 16th would be an appropriate "drop dead" date after which sanctions would be applied if the video had not been produced. I must note that the defendants agreed only to a date, and not to the sanction of preclusion described and requested above. **The plaintiff would not oppose a further modification of the schedule to accommodate the parties' agreed November 16th "drop dead" date for video production**, if the plaintiff were still afforded the same period (until December 28th) to make use of the video by deposing the defendants once the video is actually produced.

Mr. Kuruvilla and I conferred on the other outstanding matters. **With very few exceptions, there do not appear to be disputes as to the scope of discovery. However, the plaintiff is concerned that agreed discovery may not be timely produced**, as has happened with the video mentioned previously. I have annexed a copy of the defendants' responses to the plaintiff's document demands and discovery requests, for reference. I will summarize the parties' positions on these issues.

**Part 2: Discovery Issues Where the Parties Substantially Agree**

2

The parties substantially agree on the scope of the defendants' required production concerning the following demands and interrogatories:

Interrogatories 1, 5, 6 & 13/Document Request ("DR") 1: The defendants agree to identify all individuals with knowledge of the incident, including individuals who provided medical care to the plaintiff, (No. 1); who used force on the plaintiff or escorted him to the showers and infirmary (No. 5); who were part of the plaintiff's group of inmates being transported (No. 6); and who witnessed the incident, including confirming the presence of other inmates, Captain Moore and a gate guard (No. 13).

Interrogatories 2, 3, 4, 9, 12: These interrogatories will be satisfied if the defendants perform their documentary discovery as agreed.

Interrogatories 7, 8: This interrogatory can be satisfied by production of documents as agreed pursuant to DR 13, 14.

Interrogatory 11: The defendants represent that Captain Moore and ADW Margarito are the two names responsive to this interrogatory.

DR 2: The defendants will produce the Department of Corrections file for the plaintiff, including the documents identified in the demand, if they exist.

DR 3: The defendants agree to identify or produce all documents concerning the incident, but claim compliance with the exception of the video. The defendants have agreed to determine whether Shawn Smith was written up for leaving the plaintiff's group of prisoners unattended, as plaintiff alleges, and will produce any such documents. The defendants will also provide any injury reports, and transport documents concerning the plaintiff and the group the plaintiff was with on the date of the incident.

DR 4: The defendants agree to produce all documents relating to the injuries sustained by the plaintiff, but state that kinds of documents specified have either already been produced or are covered under other requests.

DR 5: The defendants will confirm that all materials have been produced, in particular, whether there may be an audio recording or transcript of the infraction hearing.

DR 6: The defendants agree to produce these materials, insofar as the materials relate to the date of the incident, and to the plaintiff, the defendants, or the witnesses to the event. In particular, the defendants will produce logs of clinic/medical visits by the plaintiff.

DR 7: The defendant will produce documents that show the number and position of cameras at the location of the incident, including the shower/intake area where the plaintiff was taken after the main part of the incident, or, will enable a site visit for firsthand observation.

DR 8: The defendants continue to state that they will produce video of the incident.

3

DR 9, 12: The defendants will confirm that there was no referral of the incident to the District Attorney's office for the filing of criminal charges, or if there was such a referral, will produce all requested documents.

DR 10: The defendants have agreed to produce color/higher resolution versions of the images of the plaintiff which have already been produced.

DR 11: The defendants represent that all statements by the plaintiff have been produced, but will produce a legible version of the document.

DR 13, 14: The defendants will produce the requested materials, subject to the following limitation: the request will be limited to materials in effect on the date of the incident (whether Training Academy materials or otherwise).

DR 15: The defendants agree to produce the personnel files of each individual defendant, insofar as they relate to use of force, false statements, or failure to accurately or completely maintain records.

DR 16, 18, 19, 22: The defendants will produce the documents requested. With respect to DR 22, the defendants believe all responsive documents will be included in the defendants' personnel files, but will confirm whether there is any other location where such documents might be found.

DR 17: Defendants represent that no such documents exist.

DR 20-21: The plaintiff will provide the defendant with information concerning what the directive referred to is.

DR 24: The defendants represent that all such documents have already been produced.

**Part III: Discovery Issues Where the Parties Do Not Agree**

The parties do not agree on the scope of the defendants' required production concerning the following demands:

DR 23: This is a request for documents concerning each individual defendant's ability to pay punitive damages, which may be placed at issue by defendants to limit punitive damages (*see, e.g., Patterson v. Balsamico*, 440 F.3d 104, 122 (2d Cir. N.Y. 2006)). The plaintiff will waive this request if the defendants will waive any right to place their financial ability to pay punitive damages at issue. The defendants are presently unwilling to provide discovery concerning the defendants' ability to pay, or to waive the this defense. **The plaintiff does not oppose postponing this discovery until after dispositive motions (if any ) are filed**. However, the plaintiff requests that the Court direct that this discovery be provided no later than 12 weeks before the date of trial, so that the plaintiff will have sufficient time to identify and seek remedy for deficiencies in such production sufficiently in advance of trial that production of the material

4

will assuredly be complete when trial begins. If the defendants choose not to produce this discovery at all, the plaintiff requests preclusion of all evidence on this issue.

DR 25: This is a request for documents that have been confiscated from the plaintiff, including legal documents relating to this case and to the plaintiff's criminal trial, to be returned, without being read by the defendants because privileged documents will be among them. The defendants do not acknowledge that legal papers were confiscated from plaintiff, and Mr. Kuruvilla states that he has no reason, apart from the plaintiff's assertion, that this is the case. The defendants have agreed to produce legal documents that were confiscated, if any, but defendants argue that they cannot comply with this request as to other documents without greater specificity as to what specific documents were confiscated. The plaintiff responds that if the documents were not destroyed, and are being stored in a manner that identifies them as having belonged to the plaintiff, then no further information about the documents is necessary in order to produce them. **The plaintiff respectfully requests that the Court direct the defendants to produce these documents to the plaintiff without reading them; the plaintiff will produce back to defendants any non-privileged, relevant documents**.

I provided Mr. Kuruvilla with a copy of this letter so that he could identify for me any factual statements concerning the parties' discussions that do not correctly reflect our discussions. Mr. Kuruvilla did so, and this letter has been amended in accordance with his comments or objections. However, Mr. Kuruvilla asked me to make clear that this is **not** a joint letter. Its purpose is to present the plaintiff's view of the issues that must be resolved in discovery.

To summarize, the plaintiff respectfully requests that the Court issue an Order:

(1) Directing the defendants to produce the video in legible form by a date certain or be subject to the sanction of preclusion, which date may be October 28th, Nov. 16th, or such other date as the Court selects;

(2) Modifying the case schedule as necessary to allow plaintiff reasonable time to make use of such video in defendant depositions;

(3) "So-ordering" Part II of this letter;

(4) Directing the defendants to determine whether documents were confiscated from the plaintiff and, if so, to return them unread pursuant to Part III;

(5) Determining an appropriate manner and time to dispose of the issue raised by DR 23.

Respectfully submitted,

David Thompson

5