# Stipulation

## David Thompson

Wed 12/23/2015 11:15 PM

To: Kuruvilla, Ben (Law) <bkuruvil@law.nyc.gov>;

📎 1 attachment (368 KB)
2015-12-23-23-02-31.pdf;

Hi Ben:

As you recall, the Court asked us to put section 2 of our discovery status letter in the form of a stipulation. Please see the attached, which is copied word for word from the prior filing with the exception of the introductory letter. I've already signed it, so assuming you have no problems with it, please upload it to the docket once you have executed it.

Happy holidays,

David Thompson
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone:  (212) 566-8000
Fax:     (212) 202-4952

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

VERNON JONES

                            PLAINTIFF,

vs.

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY DEPARTMENT OF
CORRECTIONS ("NYCDOC") OFFICER SHAWN
SMITH II, NYCDOC OFFICER MASSEY,
NYCDOC OFFICER ADW MARGARITO,
NYCDOC OFFICER CAPTAIN ROSE MOORE,
NYCDOC OFFICERS "JOHN DOES" 1-5,

                          DEFENDANTS.

Index No. 14-cv-8927

**Stipulation**

---

       The parties stipulate as follows, concerning the plaintiff's document demands and interrogatories:

Interrogatories 1, 5, 6 & 13/Document Request ("DR") 1: The defendants agree to identify all individuals with knowledge of the incident, including individuals who provided medical care to the plaintiff, (No. 1); who used force on the plaintiff or escorted him to the showers and infirmary (No. 5); who were part of the plaintiffs group of inmates being transported (No. 6); and who witnessed the incident, including confirming the presence of other inmates, Captain Moore and a gate guard (No. 13).

Interrogatories 2, 3, 4, 9, 12: These interrogatories will be satisfied if the defendants perform their documentary discovery as agreed.

Interrogatories 7, 8: This interrogatory can be satisfied by production of documents as agreed pursuant to DR 13, 14.

Interrogatory 11: The defendants represent that Captain Moore and ADW Margarito are the two names responsive to this interrogatory.

DR 2: The defendants will produce the Department of Corrections file for the plaintiff, including the documents identified in the demand, if they exist.

DR 3: The defendants agree to identify or produce all documents concerning the incident, but claim compliance with the exception of the video. The defendants have agreed to determine whether Shawn Smith was written up for leaving the plaintiff's group

of prisoners unattended, as plaintiff alleges, and will produce any such documents. The defendants will also provide any injury reports, and transport documents concerning the plaintiff and the group the plaintiff was with on the date of the incident.

DR 4: The defendants agree to produce all documents relating to the injuries sustained by the plaintiff, but state that kinds of documents specified have either already been produced or are covered under other requests.

DR 5: The defendants will confirm that all materials have been produced, in particular, whether there may be an audio recording or transcript of the infraction hearing.

DR 6: The defendants agree to produce these materials, insofar as the materials relate to the date of the incident, and to the plaintiff, the defendants, or the witnesses to the event. In particular, the defendants will produce logs of clinic/medical visits by the plaintiff.

DR 7: The defendant will produce documents that show the number and position of cameras at the location of the incident, including the shower/intake area where the plaintiff was taken after the main part of the incident, or, will enable a site visit for firsthand observation.

DR 8: The defendants continue to state that they will produce video of the incident.

3

DR 9, 12: The defendants will confirm that there was no referral of the incident to the District Attorney's office for the filing of criminal charges, or if there was such a referral, will produce all requested documents.

DR 10: The defendants have agreed to produce color/higher resolution versions of the images of the plaintiff which have already been produced.

DR 11: The defendants represent that all statements by the plaintiff have been produced, but will produce a legible version of the document.

DR 13, 14: The defendants will produce the requested materials, subject to the following limitation: the request will be limited to materials in effect on the date of the incident (whether Training Academy materials or otherwise).

DR 15: The defendants agree to produce the personnel files of each individual defendant, insofar as they relate to use of force, false statements, or failure to accurately or completely maintain records.

DR 16, 18, 19, 22: The defendants will produce the documents requested. With respect to DR 22, the defendants believe all responsive documents will be included in the defendants' personnel files, but will confirm whether there is any other location where such documents might be found.

DR 17: Defendants represent that no such documents exist.

DR 20-21: The plaintiff will provide the defendant with information concerning what the directive referred to is.

DR 24: The defendants represent that all such documents have already been produced.

DATED:     December ___, 2015

_____
A.C.C. Ben Kuruvilla
New York City Law Department
Attorneys for Defendants
100 Church Street
New York, NY 10007

_____
David A. Thompson (DT 5991)
Stecklow & Thompson
Attorneys for Plaintiffs
217 Centre St. Floor 6
New York, NY 10013
Phone: (212)-566-8000