

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BEN KURUVILLA
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

February 3, 2016

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Vernon Jones v. City of New York, et al.</u>,
               14 Civ. 8927 (PGG)

Dear Judge Gardephe:

       I am a Senior Counsel in the New York City Law Department, assigned to represent the defendants in this matter. I am writing for several reasons. First, I am responding to plaintiff's letter, dated January 25, 2016, requesting that the Court so-order a proposed Stipulation that defendants have not agreed to and which I did not sign. I have attached as Exhibit A to this letter a copy of the Stipulation, with handwritten edits, reflecting the language to which defendants would agree.

       Second, I am requesting that the Court endorse the attached proposed Order to take plaintiff's deposition at the Anna M. Kross Center ("AMKC") at Rikers Island. As the Court is aware, plaintiff is incarcerated at AMKC and his deposition cannot occur without a Court Order. As further described below, plaintiff's counsel refuses to agree to a date for plaintiff's deposition for inexplicable reasons. Accordingly, I am making this request for the Court order for plaintiff's deposition without plaintiff's consent.

       Third, I request that the Court order plaintiff's counsel to cooperate with the scheduling of defendants' depositions on dates that they, and the undersigned, are actually available. Plaintiff's counsel has refused to do so thus far, instead insisting on dates we are not available. Fourth, I request that the Court order plaintiff to respond to defendants' discovery demands. Fifth, in light of the delays plaintiff has created in discovery and deposition scheduling, defendants request a two and half week extension of discovery, from February 16, 2016 until March 4, 2016 in order to complete all depositions. These issues will be discussed further below.

1. **The Proposed Stipulation**

The stipulation attached to plaintiff's January 25 letter relates to defendants' responses to plaintiff's discovery demands. The parties discussed the matters addressed in the stipulation in or around September or October 2015. On December 23, 2015, at around 11:15 PM, plaintiff's counsel e-mailed me a proposed stipulation in pdf format, which he had already signed, purporting to relate to the issues we discussed in September/October 2015. I was out of the office for the holidays at the time and did not see this e-mail when it was sent. Moreover, the stipulation was sent in pdf format, which did not allow me to make proposed changes, if any.

Plaintiff's counsel did not follow up on this stipulation until January 13, 2016, the day before the last Court conference. On that date, plaintiff's counsel e-mailed me and requested whether I had any proposed changes for the stipulation. I indicated that I had missed his earlier December e-mail, but would review the stipulation and advise if there were any changes that needed to be made. At the conference on January 14, 2016, I advised plaintiff's counsel that I had some proposed changes to the stipulation and would get back to him with them. In order to properly review the stipulation, I needed to refer back to notes from the parties' September/October telephone conferences and also review defendants' discovery responses once again.

After review, I have mostly minor changes to make to the stipulation. The most significant change is to revise those sections of the stipulation which address the video relating to the incident. As the Court is aware, after plaintiff inexplicably belabored this issue for several months, it has now been resolved and plaintiff's counsel has finally watched the video.[1] Accordingly, I have advised plaintiff that defendants wish to revise the section of the stipulation regarding the video to indicate that it has been produced. Besides this change, most of defendants' proposed changes are minor.

Before receiving defendants' proposed changes to the stipulation, plaintiff filed his January 25 letter seeking that the Court so-order language that defendants did not agree to. I have since requested that plaintiff provide a Microsoft Word version of the stipulation, so that I can input proposed changes and track them for plaintiff to review. Plaintiff has refused to provide me the stipulation in Word format. As a result, I made handwritten proposed changes and provided them to plaintiff's counsel yesterday. In response, plaintiff's counsel e-mailed me the following message:

---

[1] As the Court knows, at the January 14, 2016 conference, the Court ordered plaintiff's counsel to stop delaying this litigation by claiming to not be able to open the video and come to defense counsel's office to watch it if counsel claimed he still could not open it. As I noted at the conference, the Department of Correction's IT department converted the video into another format. I produced that new format to plaintiff's counsel the next day, January 15, 2016. Remarkably, plaintiff's counsel did not call or write to confirm whether he was able to view the video after this last production. It was only earlier today that plaintiff's counsel confirmed that he had finally actually watched the video.

> With respect to your proposed modifications to the stipulation
> which you sent me today, I have not read them. Because of your
> unconscionable delay in presenting your objections, whatever they
> are, you have waived them. Because of your unconscionable delay
> in attending to this matter, I have had to write to the Court for
> relief. The matter is no longer up for discussion.

This response, like plaintiff's counsel's behavior throughout this litigation, is puzzling and does not reflect a proper understanding of the meaning of a "stipulation". As defense counsel understands the term, a stipulation is an agreement between the parties on a given issue. Plaintiff's request to the Court to "so-order" language that is not stipulated is an unnecessary waste of the Court's and the parties' time. It would appear the more efficient course of action would be for plaintiff to at least respond to defendants' proposed language so that the disputed issues, if any, can be squarely placed before the Court. This is particularly true here where the proposed changes are minor and have hardly any significant impact on plaintiff's proposed stipulation, with the exception of revising the language regarding the now-resolved video issue. If plaintiff's counsel simply viewed the language, there may not be any dispute for the Court to resolve. A copy of defendants' handwritten proposed changes to the stipulation is attached as **Exhibit A**.

Further, plaintiff's claim that defendants engaged in an "unconscionable delay" in responding to the proposed stipulation language is meritless. Moreover, it is particularly disingenuous given the many delays plaintiff has caused in this case, including the video issue and the issues outlined further below. Accordingly, defendants respectfully request that the Court deny plaintiff's request to so-order the contested "stipulation" attached to his January 25 letter. Instead, defendants respectfully request the Court order plaintiff to at least discuss the minor proposed changes, attached as Exhibit A, with the undersigned so that the parties can file a stipulation with agreed-to language.

## 2. Court Order for Plaintiff's Deposition

As the Court is aware, plaintiff is incarcerated at AMKC on Riker's Island. In order to take his deposition, the parties would require a Court order that directs the Department of Correction to produce plaintiff for a deposition. As the Court is also regrettably aware, plaintiff's deposition has not occurred to date because plaintiff's counsel claimed he wanted to view the video of the incident before agreeing to produce his client for deposition. Although the video was produced in September 2015, plaintiff's counsel only confirmed today that he has watched the video.

On January 27, 2016, I requested that plaintiff's counsel provide dates on which he is available for plaintiff's deposition. I advised him that I would need to submit a proposed Court Order this week for the deposition. Plaintiff's counsel has not responded. Hearing nothing, yesterday, I sent plaintiff's counsel a proposed order for plaintiff's deposition and inserted the date of February 11, 2016 as the proposed date for it. Plaintiff's counsel previously indicated he was available on February 11, 2016 to take a defendant's deposition. However, the defendant that plaintiff noticed for February 11 is not available on that date, so I inserted February 11 into

the proposed order for plaintiff's deposition. Plaintiff's counsel said he would not consent to the proposed order and would not even provide an alternative date on which he is available for plaintiff's deposition. It is unclear what plaintiff's counsel's objective is by refusing to provide an available date for plaintiff's deposition. I can only assume that counsel is trying to avoid having his client appear for deposition. The Court should thwart this attempt and endorse the attached proposed Order for plaintiff's deposition on February 11, 2016. See Proposed Order, attached as **Exhibit B**. The proposed order indicates that the deposition can occur on February 11 or another subsequent date agreed to by the parties and the facility. Defendants respectfully request that the Court endorse this order so that plaintiff's deposition can be completed.

### 3. Defendants Request that Plaintiff Cooperate with Scheduling Defendants' Depositions

On January 27, 2016, plaintiff's counsel sent the undersigned notices of deposition for the four defendant officers in this case. See Notices of Deposition, attached as **Exhibit C**. Plaintiff's counsel did not check with the undersigned as to which dates I had available for deposition or whether the proposed dates worked for the defendants. Plaintiff's counsel unilaterally inserted February 9, 10, 11 and 12 as the dates requested for these depositions. Within five (5) minutes of receiving plaintiff's notices of deposition by e-mail, I responded and informed him that I would need to check the dates and make sure they worked both with my schedule and with the defendants. I advised him that if the dates did not work, I would provide alternative dates. Plaintiff did not respond to this e-mail.

Yesterday, I wrote back to plaintiff and indicated that February 9, 11 and 12 would not work for the defendants that were noticed. I have conflicts on February 9 and February 12 and the officers noticed are not available those dates. Moreover, the officer noticed for February 11 is not available that day, although I am available that day. I am also available on February 10, but have not heard on the availability for the officer noticed for that date yet. Plaintiff's counsel's response, again, was puzzling and underscores a remarkable lack of professional courtesy. His response, in relevant part, is as follows:

> I have noticed a defendant for that date and you need to produce that person. In fact, you need to produce all the defendants noticed, on the dates noticed. Assuming that your convenience or that of the witnesses would have been a valid basis for refusing to appear on these dates, you have waited too long to object. You need to stop wasting my time.

Again, given the fact that I (1) notified plaintiff within 5 minutes of receiving the notices for deposition that I would need to check on the witnesses' and my availability and (2) needed to reach out to various parties to confirm their availability, the February 2 response was not delayed. Further, plaintiff's response is remarkable given the fact that he has refused to consent for months to plaintiff's deposition because he claimed he had not viewed the video of the incident, but then refused repeatedly to come to my office to watch it or allow me to show him the video at his office. Now, after having seen the video, plaintiff's counsel still refuses to provide a date he is available for plaintiff's deposition. This type of conduct warrants sanctions. Further, plaintiff's counsel has now also asserted that if the defendants he noticed are not

produced on the dates he unilaterally selected, he would "move to preclude" them. Given that the noticed parties are defendants, plaintiff's threat makes no sense.

Although defendants would be right to seek sanctions against plaintiff for the manner in which counsel has litigated thus far (*e.g.,* video issue, refusal to cooperate in scheduling plaintiff's deposition and refusal to cooperate in scheduling defendants' depositions), defendants nevertheless will not seek sanctions at this time. Defendants only request that the Court order plaintiff's counsel to cooperate with the scheduling of defendants' depositions and agree to conduct the depositions on dates where both the defendants and I am available.

4. **Defendants' Discovery Demands**

Defendants seek an Order compelling plaintiff to respond to defendants' discovery demands. The demands were served on July 1, 2015, by e-mail and regular mail. See Discovery Demands, attached as **Exhibit D** (omitting blank releases and authorizations that were attached to the original demands). Plaintiff has not responded. Defendants request that the Court order plaintiff to answer the discovery demands.

5. **Brief Discovery Extension in Order to Complete Depositions**

Finally, the discovery deadline in this case is February 16, 2016. Based on the issues described above, it is clear that discovery will not be completed by that date. Plaintiff's counsel indicates that he has no intention of seeking a discovery extension. While defendants would have preferred that all discovery be completed by February 16, it is clear that the delays plaintiff has caused throughout this litigation, including most recently by refusing to cooperate or display basic professional courtesy with even the simple matter of deposition scheduling, has resulted in the parties not being able to complete discovery by the February 16 deadline. Defendants therefore request that the Court extend the discovery deadline by a period of 2 ½ weeks to March 4, 2016 so that all depositions can be scheduled and completed. If the Court is inclined to grant this request, defendants respectfully request that the date for submission of post-discovery pre-motion letters be extended from February 16 to March 4, 2016 and that the date for responses be extended from February 22, 2016 until March 11, 2016.

I thank the Court for its time and attention to this matter.

Sincerely,

*/s/ Ben Kuruvilla*

Ben Kuruvilla

cc:   **VIA ECF**
      David Thompson, Esq.