# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

VERNON JONES

                         PLAINTIFF,

    vs.

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY DEPARTMENT OF
CORRECTIONS ("NYCDOC") OFFICER SHAWN
SMITH II, NYCDOC OFFICER MASSEY,
NYCDOC OFFICER ADW MARGARITO,
NYCDOC OFFICER CAPTAIN ROSE MOORE,
NYCDOC OFFICERS "JOHN DOES" 1-5,

                        DEFENDANTS.

Index No. 14-cv-8927

**Stipulation**

---

The parties stipulate as follows, concerning the plaintiff's document demands and interrogatories:

Interrogatories 1, 5, 6 & 13/Document Request ("DR") 1: The defendants agree to identify all individuals with knowledge of the incident, including individuals who provided medical care to the plaintiff, (No. 1); who used force on the plaintiff or escorted him to the showers and infirmary (No. 5); who were part of the plaintiffs group of inmates being transported (No. 6); and who witnessed the incident, including confirming the presence of other inmates, Captain Moore and a gate guard (No. 13).

Interrogatories 2, 3, 4, 9, 12: These interrogatories will be satisfied if the defendants perform their documentary discovery as agreed.

Interrogatories 7, 8: This interrogatory can be satisfied by production of documents as agreed pursuant to DR 13, 14.

Interrogatory 11: The defendants represent [upon information and belief] that Captain Moore and ADW Margarito are the two names responsive to this interrogatory. [insofar as these individuals had discretion and control over certain officers' tour schedules at AKMC on August 1, 2014]

DR 2: The defendants will produce the Department of Corrections file for the plaintiff, including the documents identified in the demand, if they exist. [assuming these documents have not been sealed]

DR 3: The defendants agree to identify or produce all documents concerning the incident, ~~but claim compliance with the exception of the video.~~ [but claim compliance based on information and belief.] The defendants have agreed to determine whether Shawn Smith was written up for leaving the plaintiff's group

of prisoners unattended, as plaintiff alleges, and will produce any such documents. The defendants will also provide any injury reports, and transport documents concerning the plaintiff and the group the plaintiff was with on the date of the incident, *if any exist*, *relating to this Incident.*

DR 4: The defendants agree to produce all documents relating to the injuries sustained by the plaintiff, but state that kinds of documents specified have either already been produced or are covered under other requests.

DR 5: The defendants will confirm that all materials have been produced, in particular, whether there may be an audio recording or transcript of the infraction hearing.

DR 6: The defendants agree to produce these materials, insofar as the materials relate to the date of the incident, and to the plaintiff, the defendants, or the witnesses to the event *on the date of the Incident.* In particular, the defendants will produce logs of clinic/medical visits by the plaintiff.

DR 7: The defendant will produce documents that show the number and position of cameras at the location of the incident, including the shower/intake area where the plaintiff was taken after the main part of the incident, or, will enable a site visit for firsthand observation. *if any such documents exist.*

DR 8: ~~The defendants continue to state that they will produce video of the incident.~~ *The video depicting the Incident has been produced.*

DR 9, 12: The defendants will confirm that there was no referral of the incident to the District Attorney's office for the filing of criminal charges, or if there was such a referral, will produce all requested documents.

DR 10: The defendants have agreed to produce color/higher resolution versions of the images of the plaintiff which have already been produced, *if such images exist*

DR 11: The defendants represent that all statements by the plaintiff have been produced, but will produce a legible version of the document, *if one exists.*

DR 13, 14: The defendants will produce the requested materials, subject to the following limitation: the request will be limited to materials in effect on the date of the incident (whether Training Academy materials or otherwise), *and, as for training materials, will include only those materials provided to the defendants*

DR 15: The defendants agree to produce the personnel files of each individual defendant, insofar as they relate to use of force, false statements, or failure to accurately or completely maintain records, *for incidents occurring in the ten years prior to the Incident in this case.*

DR 16, 18, 19, 22: The defendants will produce the documents requested. With respect to DR 22, the defendants believe all responsive documents will be included in the defendants' personnel files, but will confirm whether there is any other location where such documents might be found. *upon Information and belief* *over which defendants' have possession, custody, or control.*

DR 17: Defendants represent that no such documents exist, *beyond what has already been produced.*

DR 20-21: The plaintiff will provide the defendant with information concerning what the directive referred to is.

DR 24: The defendants represent that all such documents have already been produced *and will supplement if any additional documents are located.*

DATED:     December ___, 2015

_____         _____
A.C.C. Ben Kuruvilla                David A. Thompson (DT 3991)
New York City Law Department        Stecklow & Thompson
Attorneys for Defendants            Attorneys for Plaintiffs
100 Church Street                   217 Centre St. Floor 6
New York, NY 10007                  New York, NY 10013
                                    Phone: (212)-566-8000