# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VERNON JONES,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, NYC DOC OFFICER
MASSEY, NYC DOC OFFICER ADW
MARGARITO, SHAWN SMITH II and ROSE
MOORE,

                                Defendants.
------------------------------------------------------------------x

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

14-CV-8927 (PGG)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, defendants The City of New York, Correction Officer Tiffany Massey and ADW Edith Margarito hereby request that plaintiff serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Zachary W. Carter, Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007, within thirty (30) days after service hereof.

These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, plaintiff obtains or becomes aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiff shall, within seven days, and in no event later than seven days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

## INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2. If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2. As used herein, the term "Incident" refers to the events described in the complaint.

## INTERROGATORIES

1. Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

2. Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation.

3. Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by the City of New York, or its agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

2

4. Identify all injuries claimed by plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state.

5. Identify all economic injuries claimed by plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Identify the specific amounts claimed for each injury.

6. Identify all of plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

7. Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the plaintiff within the past ten (10) years.

8. Has plaintiff applied for worker's compensation within the past ten (10) years? If so, identify each employer who provided worker's compensation to plaintiff.

9. Has plaintiff applied for social security disability benefits within the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to plaintiff.

10. Has plaintiff applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city or other jurisdiction that provided Medicare and/or Medicaid to plaintiff.

11. Has plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten (10) years? If so, identify each claim by date, injury and insurance carrier.

12. Identify all government agencies to whom plaintiff made complaints regarding the Incident including, but not limited to, Inspector General's ("IG's") Office, Board of Correction and Department of Investigation.

13. Identify each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiff was arrested, and the amount of time that plaintiff spent incarcerated.

14. Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

15. Identify each lawsuit to which plaintiff has been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

16. Identify each occasion on which plaintiff has given testimony or statements regarding the subject of this lawsuit.

17. Identify all treating physicians and other medical providers that plaintiff intends to call at the time of trial.

18. Identify all experts that plaintiff expects to call at the time of trial, all correspondence between counsel for plaintiff and any such experts, any notes taken by any such experts and provide all disclosures required pursuant to Federal Rule 26(a)(2).

19.     Identify all documents prepared by plaintiff, or any other person, that relate to the Incident, claims and subject matter of this litigation.

20.     Identify all Freedom of Information Law requests and any responses thereto, made by plaintiff or by anyone on plaintiff's behalf, concerning plaintiff's claims in this litigation.

## DOCUMENT REQUESTS

1.     Produce all the documents identified in the preceding Interrogatories.

2.     Produce all documents regarding the Incident, including documents concerning plaintiff's arrest and criminal prosecution (if any), the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the Incident that are in plaintiff's possession, custody or control.

3.     Produce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers, and other counseling services, in plaintiff's possession, custody, or control for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.

4.     Produce all photographs and other audio-visual materials documenting the Incident, the scene of the Incident, and all injuries that resulted from the Incident, including injuries to person and property. Defendants request exact duplicates of the original photographs and audio-visual materials.

5.     Produce all documentation of damages that plaintiff alleges stem from the Incident, including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Documentation includes, but is not

limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.

6. Produce copies of all subpoenas served on any party, or any individual or entity, concerning this litigation.

7. Produce all documents received in response to any subpoenas served.

8. Produce all documents that relate to all complaints made by plaintiff to any government agency regarding the incident including, but not limited to, Inspector General's ("IG's") Office, Board of Correction and Department of Investigation.

9. If the plaintiff is claiming lost income in this action, produce plaintiff's federal and state income tax returns since the Incident and for the five years prior to the Incident.

10. Produce: (a) all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiff's counsel, or anyone acting for or on behalf of plaintiff or plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiff's counsel has provided to the expert regarding the expert's expected testimony and/or examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiff's counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel in this action.

11. Complete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received

by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.[1]

12. Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. Note that the authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

13. Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.

14. Complete and provide the annexed blank authorizations for release of employment records for each of plaintiff's employers for the past ten (10) years.[2]

15. Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiff.

16. Complete and provide the annexed blank authorizations for insurance carriers with whom plaintiff has made claims within the past ten (10) years.[3]

17. Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by plaintiff.[4]

---

[1] The enclosed releases are believed to be HIPAA-compliant. Please note that HHC hospitals require a particular release, a copy of which is enclosed. A separate release must be provided for each provider. Kindly photocopy the releases before execution so plaintiff can provide a separate release for each provider. The attached release for psychotherapy notes must be provided in addition to a HIPAA release for that provider.

[2] A separate release must be provided for each of plaintiff's employers. A single release form is enclosed. Kindly photocopy the release before execution so plaintiff can provide a separate release for each employer.

[3] A separate release must be provided for each insurance carrier. A single release form is enclosed. Kindly photocopy the release before execution so plaintiff can provide a separate release for each insurance carrier.

7

18. Complete and provide the annexed blank authorization for plaintiff's Medicare and/or Medicaid records.[5]

19. Complete and provide the annexed blank authorization for plaintiff's parole records, if plaintiff was on parole when the Incident occurred.

Dated:   New York, New York
         July 1, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City, Massey, Margarito*
                                        100 Church Street, Room 3-126
                                        New York, New York 10007
                                        (212) 356-3513

                                By:     _____
                                        Ben N. Kuruvilla
                                        *Senior Counsel*

To:   **VIA ELECTRONIC MAIL and REGULAR MAIL**
      Stecklow, Cohen and Thompson
      David Thompson, Esq
      217 Centre Street
      New York, NY 10013

---

[4] A separate release must be provided for each jurisdiction. Kindly photocopy the release before execution so plaintiff can provide a separate release for each such jurisdiction.

[5] A separate release must be provided for each jurisdiction. Kindly photocopy the release before execution so plaintiff can provide a separate release for each such jurisdiction.