# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:    (212) 566-8000
FAX:    (212) 202-4952
DAVE@SCTLAW.NYC

February 4, 2016

**BY ECF**
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Fax: (212) 805-7986

      Re: <u>Vernon Jones v. City of New York, et al.</u>, 14 Civ. 8927 (PGG)

Dear Honorable Judge Gardephe:

  On February 3, 2016, the defendants filed a letter motion seeking the following relief: 1) an order to compel the plaintiff to answer the defendants document demands; 2) on order requiring the plaintiff to "at least discuss" modifications to the long-pending stipulation which the plaintiff previously requested this Court to "so-order" [please see docket number 34]; 3) an order requiring the plaintiff to "cooperate" in scheduling depositions; 4) an order directing the plaintiff's deposition to take place on February 11th; and 5) and order extending the discovery deadline to March 4, 2016, and modifying the dates for pre-motion letters.

  The plaintiff respectfully requests that the Court deny items one through four. As to item five, the plaintiff is prepared to go forward with the depositions of the defendants, noticed for February 9th through 12th. The plaintiff believes the Court can best judge whether a modification of the schedule is warranted to accommodate the defendants.

  In addition, the plaintiff requests that the Court issue an order compelling the defendants to appear at their noticed depositions. The plaintiff also requests that the Court grant the relief requested in the plaintiff's letter of January 25th and so-order the proposed stipulation notwithstanding the defendants' failure to execute it. [Docket No. 34].

I. **The Plaintiff Served An Answer to the Defendants' Document Demands on August 6, 2015**

  The defendants' motion to compel the plaintiff to answer the defendants' document demands is frivolous, because the plaintiff served an answer to those document demands on August 6, 2015. [See Exhibit 1]. For this reason, the plaintiff's request for an order to compel a response should be denied.

The defendants served their interrogatories and document demands on July 1, 2015. I provided written responses on August 6, 2015. Counsel for the defendants' representation to the Court that no response was served is <u>false</u>.

Defendants' counsel raised this issue for the first time by means of a one-line email on February 3, 2016 at 11:47 AM. Having had no prior notice that there was any outstanding discovery owed by plaintiff, I asked counsel what he was talking about:

> What discovery demands are you talking about? We agreed back in October that there were no outstanding discovery issues other than the video, and I filed a letter to the docket which you agreed accurately represented the state of discovery at that time. At the last appearance, we told the court essentially the same thing. So now, what is it specifically that you think you are entitled to?

Defendants' response indicated that he was simply going through the motions to tee up an issue to write to the Court about: "The ones I served in July and which you have never answered. I take it from your response that you won't be answering them. Thanks." I immediately responded, and my response made clear that I was not refusing anything: "And I am reviewing my file to see if your assertion that they were not answered is correct or not -- this is the first I am hearing about this, and it will take some time to verify." That was at 1:37 PM. Less than six hours later, defendants' counsel filed the present motion.

I have since had time to check my files, and I find that indeed I emailed the responses to counsel for the defendants on August 6, 2015 at 5:34 PM. If counsel for the defendants had been a little less eager to find an issue to make noise about, he would have learned this before bringing the issue to the Court.

At no time have the defendants identified any deficiency in the document production itself. Throughout August, September, October, November, December and January, counsel for the defendants said absolutely **nothing** to me about any discovery owed by the plaintiff to the defendants. Even now, the defendants have not identified a single document or category of documents which the defendants believe are owed to them, and which they have not received. On February 3rd, when the defendants first stated that they believed the document demands had not been responded to, I asked the defendants via email to identify what documents they want that they don't already have. I wrote:

> My question was: what materials do you think the plaintiff has, that ha[ve] not yet been given to you? As far as I know based on every communication that we have had from October on, there is nothing. Is that not correct?

I received no answer to this question. The letter motion which defendants' counsel filed with the Court doesn't answer that question either. The defendants request is simply a request that the plaintiff be ordered to supply a written response to the document demands. Because the defendants' document demands already have been answered, I respectfully request that the Court deny the defendants' motion to compel an answer.

A. **The Defendants' Request Regarding the Stipulation Should be Denied**

The stipulation has been in limbo for months. On October 15, 2015, the Court directed the parties to confer on discovery, and further ordered "Plaintiff's counsel will advise the Court by Oct. 22, 2016 whether there any remaining discovery disputes." [Docket no. 23]. I conferred

at length with counsel for the defendants by phone. With the notable exception of the video issue, we appeared to agree on everything else. I filed the required letter. [Docket no. 24]. Before the letter was filed, counsel for the defendants agreed: "The letter reflects our discussions." [See Docket No. 34-3].[1] On November 13, 2015, the plaintiff requested that the Court "so-order" that portion of the October 22nd letter (Part II) which set forth the issues on which the parties were in agreement. [Docket No. 27]. The defendants opposed other relief requested in the November 13, 2015 letter, but did not oppose the request to so-order Part II of the October 22nd letter. [Docket No. 28]. The Court ordered that the parties submit Part II of the October 22nd letter as a stipulation. [Docket No. 29]. The defendants made no objection, and gave no notice that anything in Part II of the October 22nd letter was now disputed. I took Part II of the letter, and copied it word for word into a stipulation, which I signed and sent to counsel for the defendants on December 23, 2015. I received no notification of any dispute as to its contents.

Counsel for the defendants did not sign the stipulation, however. I brought this fact to counsel's attention the day before the January 14, 2016 conference. Again, counsel made no objection to the content of the stipulation. The day of the conference, counsel told me he might have some "tweaks," but didn't say what they were. On the record, I told the Court that the defendants agreed with the content of the stipulation, but for possible "tweaks." Defendants' counsel made no objection. Eleven days later, on January 25, 2016, defendants had still neither executed the stipulation nor raised any substantive objection to it. I filed a letter asking the Court to so-order the stipulation so that the matter could be put to rest. [Docket No. 34]. I argued that the defendants had waived any objections to the content of the stipulation. Defendants filed no objection or response to that letter. On February 2, 2015, counsel for the defendants notified me by email that he now had some edits he wanted to make. I refused to consider them, because of the unconscionable delay and because the matter was already before the Court. In the present motion, defendants request an order requiring me "to at least discuss" the newly proposed changes.

Honestly, I am at a loss. Everything in the stipulation was already discussed and agreed back in October. We were all in Court on January 14th, and could have discussed substantive issues then. Half a month has passed since that conference without the defendants attempting to have any discussion. I strongly suspect that counsel for the defendants either didn't read the stipulation until February 2nd, or skimmed it but didn't give it any real thought until February 2nd. It's remarkable that defendants think they are entitled to fiddle around in this way and then demand more discussions, when discovery ends on February 16th. More remarkable is that the defendants call their proposal the "more efficient course of action." At some point, there has to be finality. With regard to the agreements set forth in the stipulation, which were first filed to the docket on October 22nd, we have long since passed that point.

I respectfully request that the Court so-order the stipulation [Docket No. 34-1], and deny the defendants' requested relief.

II.  **The Defendants Fail to Show Good Cause for a Protective Order Regarding Depositions; Their Request for an 'Order to Cooperate' Should Be Denied**

On January 27, 2016, I noticed the defendants depositions, to be taken on February 9, 10, 11, and 12th. These notices, which were served by email, provided each defendant at least 13 days' notice of the deposition. On February 2nd, counsel for the defendants notified me via email that he was cancelling all of those depositions. Instead, counsel for the defendants informed me

---

[1] Counsel for defendants identified one point of difference which I removed before filing the letter.

that he was scheduling the plaintiff's deposition for one of the dates that I had noticed for the defendants. Defendants ask for what amounts to a protective order relieving them of the duty to appear for their depositions. Concurrently, the defendants ask for an order directing the plaintiff's deposition to take place on February 11th, a date on which a defendant's deposition is currently scheduled. This relief should be denied.

Generally, where a witness is noticed to appear at a deposition, it is the burden of the witness to seek a protective order if the witness wishes not to appear. *See Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 2010 U.S. Dist. LEXIS 132749 (S.D.N.Y. Dec. 8, 2010) ("The plaintiff's deposition notices to defendants ... were timely and, absent a motion for an order quashing the deposition notices or for a protective order, [defendants] were obligated, under the Federal Rules of Civil Procedure, to attend their respective depositions.") *See also Restis v. Am. Coalition Against Nuclear Iran, Inc.*, 2014 U.S. Dist. LEXIS 64502, *11 (S.D.N.Y. Apr. 25, 2014).

**The party seeking a protective order bears burden of establishing good cause** for the issuance of such a protective under Rule 26(c) of the Federal Rules of Civil Procedure. *See Cupersmith v. Piaker & Lyons, P.C.*, 2016 U.S. Dist. LEXIS 6175, 9-10 (N.D.N.Y Jan. 14, 2016); *Jewels v. Casner*, 2015 U.S. Dist. LEXIS 156627 (E.D.N.Y. Nov. 19, 2015). The defendants have not offered any facts to show good cause for quashing the deposition notices served upon them. When a witness is noticed for deposition, unless something very serious intervenes, the witness needs to set aside other business and appear. This is a federal litigation in which the Court has set a firm deadline of February 16th for the close of discovery. Here, the defendants are merely alleged to be "unavailable," without any indication as to whether the unavailability is real, or justified. Counsel for the defendants alleges that he has conferences on certain days, but has not stated where or at what time, and so has failed to establish that the depositions could not go forward. Moreover, if defendants' counsel had a personal scheduling conflict that was known on January 27th, he should have let me know immediately. Counsel did not, and has not explained why he did not. The defendants have not carried their burden to show good cause for a protective order to be issued.

Because the defendants have failed to carry their burden to demonstrate good cause for a protective order, the Court should instead issue an order compelling the defendants' attendance at their depositions.

The defendants have not actually served a notice of deposition for February 11th on the plaintiff, and so I believe a formal motion for a protective order is not required. However, there is good cause not to order the plaintiff's deposition to go forward on that date. First, a defendant was noticed to be deposed on that same date, and plaintiff's notice of deposition, being first served, takes priority. *See De Michele v. City of New York*, 2010 U.S. Dist. LEXIS 42599 (S.D.N.Y. Apr. 29, 2010) (Gardephe, J.). Second, the defendants have provided insufficient advanced notice (nine days), given the heightened difficulty to arrange a meeting between the plaintiff and his counsel for the purpose of preparation for this deposition, because of the plaintiff's incarceration. For these reasons, the plaintiff respectfully requests that the Court decline to order the plaintiff's deposition to take place on February 11th.

The defendants' request for an 'order to cooperate' should be denied. The parties will certainly have to cooperate, but it needs to be a two-way street. The defendants' unilateral cancellation of all of the plaintiff's noticed depositions, substituting their desired deposition of the plaintiff, is not the way to begin a cooperative process. If the Court extends discovery to allow depositions to be completed, the plaintiff respectfully requests that the plaintiff, who was the first

to notice depositions, be given priority to complete the depositions of the defendants first. *See De Michele v. City of New York*, 2010 U.S. Dist. LEXIS 42599 (S.D.N.Y. Apr. 29, 2010) (Gardephe, J.).

Counsel for the defendants also raises the video issue in his letter, even though it has nothing to do with the substance of the relief the defendants request, and has already been ruled on by the Court. I'll address it only briefly. The Court let me know during the conference on January 14th that I had been unreasonable in refusing to go to defense counsel's office to view the video. I bow to the Court's judgment on that, as I must. However, from September through January, defendants' counsel gave incorrect information to the Court concerning whether the CCTV system was capable of outputting video in a non-proprietary format. Defendants' counsel incorrectly insisted that it could not. On November 9, 2015, during a call with the Courts clerk Mr. Raj Trehan, counsel for the defendants agreed to determine whether the video could be produced in a different format. [See Docket No. 27]. However, counsel for the defendants waited until January to confirm that I was right about the technology. It would have been easier to resolve the issue if defendants' counsel had not spent so much time insisting on the truth of incorrect information. Now, defendants' counsel raises the video issue not to seek relief, but rather in an attempt to focus judicial ire on the plaintiff. This is a frivolous argument, and if defendants' counsel were honest, he would have to admit that there was at least some fault on both sides of the video issue.

For the foregoing reasons, the plaintiff respectfully requests that the Court deny the defendants' motion. In addition, the plaintiff requests that the Court issue an order compelling the defendants to appear at their noticed depositions. The plaintiff also requests that the Court grant the relief requested in the plaintiff's letter of January 27th and so-order the proposed stipulation notwithstanding the defendants' failure to execute it. [Docket No. 34].

Respectfully submitted,

David Thompson, Esq.