# Discovery responses 1

David Thompson

Thu 8/6/2015 5:34 PM

To: Kuruvilla, Ben (Law) <bkuruvil@law.nyc.gov>;

🔗 1 attachment (3 MB)

2015-08-06-17-32-57.pdf;

David Thompson
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone:  (212) 566-8000
Fax:      (212) 202-4952

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
VERNON JONES,

INDEX NO. 14-cv-8927 (PGG)

ECF CASE

PLAINTIFF,

-against-

**PLAINTIFF'S RESPONSES
TO MUNICIPAL
DEFENDANTS' FIRST SET
OF INTERROGATORIES**

THE CITY OF NEW YORK, et al.,

DEFENDANTS.
--------------------------------------------------------------------X

In accordance with Rules 26, Rule 33 and Rule 34 of the Federal Rules of Civil

Procedure, the plaintiff by his attorneys, Stecklow & Thompson, provides the following

responses and objections to Defendant the City of New York, et al., First Interrogatories

and Requests for Production of Documents ("Defendants' Requests") served by

Defendant the City of New York, et al. ("Defendants") on him:

## **Qualification and Objections**

I.   The responses set forth herein are made without prejudice to, and without waiving the

following:

A.   Plaintiff's right to object on the grounds of competency, privilege, relevancy,
materiality, or any other proper ground, to the use of any information which
may hereinafter be provided or produced in response to Defendant's Request,
for any purpose, in whole or in part, in any subsequent step or proceeding in
this action or any other action.

B.   Plaintiff's right to object on any and all grounds at any time to other discovery
procedures involving or relating to the subject matter of Defendant's Requests
to which Plaintiff respond herein.

C.   Plaintiff's right to provide, at any time, supplements, additions, revisions,
corrections, or clarifications with respect to any of the information provided,
or the responses or objections made, in response to Defendants' Request

II.     The following responses are based upon information and documents presently known to be available to the Plaintiff, and except where facts are explicitly and expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has responded to any part hereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or presumed by Defendants' Requests, or that such responses constitute admissible evidence. The fact that Plaintiff has responded to part or all of any request in Defendant's Request is not intended and shall not be construed by Defendants as a waiver by Plaintiff of all or any part of any objection to any request.

III.    Plaintiff generally objects to certain of the Defendants' Requests. The fact that Plaintiff has responded to any part hereof should not be taken as an admission that Plaintiff accepts or admits such characterizations.

IV.    Plaintiff generally objects to Defendants' Request to the extent they may purport to seek information exempt from discovery under the attorney-client privilege and/or the attorney work-product doctrine.

V.     Plaintiff objects to Defendants' Request to the extent they seek information not limited on the grounds of relevancy and overbreadth.

## Responses to Defendants' Interrogatories

**1.      Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness.  If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.**

Response 1 - 1:     The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 1 - 2:     Notwithstanding and without waiving or in any way limiting these objections or the plaintiff's General Objections, Plaintiff responds as follows:

- Correction Officer J. Massey, Shield # 13753, c/o Corporation Counsel's Office, 100 Church Street, New York, NY 10007 [subject of information: *defendant;* facts and circumstances surrounding incident];

- ADW Edith Margarito, Shield # 1319, c/o Corporation Counsel's Office, 100 Church Street, New York, NY 10007 [subject of information: *defendant;* facts and circumstances surrounding incident];

- Correction Officer Shawn Smith II, Shield # 18694, Queens Detention Complex and Courts, 182-22, 150th Avenue, Jamaica, NY 11413 [subject of information: *defendant;* facts and circumstances surrounding incident];

- Captain Rose Moore, Shield # 1369, Eric M. Taylor Center, 10-10 Hazen Street, East Elmhurst, NY 11370[subject of information: *defendant;* facts and circumstances surrounding incident];

- Correction Officer Gil, Shield # 6384, Anna M. Cross Center, 18-18 Hazen Street, East Elmhurst, NY 113 70 [subject of information: facts and circumstances surrounding incident];

- Correction Officer Howard Jacoff, Shield # 2472, Anna M. Cross Center, 18-18 Hazen Street, East Elmhurst, NY 11370 [subject of information: facts and circumstances surrounding incident];

- Correction Officer Edward 0, Shield # 3901, Anna M. Cross Center, 18-18 Hazen Street, East Elmhurst, NY 11370 [subject of information: facts and circumstances surrounding incident];

- Correction Officer Dwight Merenti, Shield 14019 [subject of information: member of probe team, facts and circumstances surrounding arrival of probe team and transport of plaintiff];

- Correction Officer Brent Edwards, Shield 12675 [subject of information: member of probe team, facts and circumstances surrounding arrival of probe team and transport of plaintiff];

- Correction Officer Jason Sistrunk, Shield 13421 [subject of information: member of probe team, facts and circumstances surrounding arrival of probe team and transport of plaintiff];

- Correction Officer Leandro Collado, Shield 17869 [subject of information: member of probe team, facts and circumstances surrounding arrival of probe team and transport of plaintiff]; and

- Captain Skinner [subject of information: facts and circumstances surrounding incident];

- Phoebe Goldsberry, PA, Anna M. Kross Correctional Facility 18-18 Hazen Street East Elmhurst, NY 11370 [gave medical assistance to plaintiff following incident]

- Peter Wachtel, DO Anna M. Kross Correctional Facility 18-18 Hazen Street East Elmhurst, NY 11370 [gave medical assistance to the plaintiff following incident]

- Sharon Nightengale, LPN Anna M. Kross Correctional Facility 18-18 Hazen Street East Elmhurst, NY 11370 [gave medical assistance to the plaintiff following incident]

3

- Gifty Asiedu, LCSW, Anna M. Kross Correctional Facility 18-18 Hazen Street East Elmhurst, NY 11370 [gave medical assistance to the plaintiff following incident]

**2.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation.**

> **Response 2 - 1:**     The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
>
> **Response 2 - 2:**     The interrogatory requests identification of any spoken or written statements by any human being on the face of the earth, at any time from the beginning of the world to the present day.
>
> **Response 2 - 3:**     Notwithstanding and without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff identifies the following documents:

- The plaintiff's notice of claim. See Jones - Pl - 370 -377
- The plaintiff refers the defendant's to the materials submitted in their disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A).

**3.      Identify any and all statements, signed or unsigned, recorded on tape electronically or otherwise, prepared by the City of New York, or its agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.**

> **Response 3 - 1:**     The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The vast majority of the material that falls within the scope of this request would be written documents, radio audio recordings, and similar materials both created by and maintained by the City of New York and its employees.  As to these materials, the defendant is much better positioned than the plaintiff to identify specific items, their makers, and present custodians.

**4.      Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state.**

> **Response 4 - 1:**     The plaintiff objects as follows: "A list of the plaintiffs' alleged injuries and treatment is presumptively excluded by Local Civil Rule 33.3." _Nunez_

v. City of New York, 2013 U.S. Dist. LEXIS 70812
(S.D.N.Y. May 17, 2013) (Francis, J.).

Response 4 - 2:     Notwithstanding and without waiving or
in any way limiting these objections or plaintiff's General
Objections, the plaintiff responds as follows:

- the plaintiff suffered a broken left pinky finger, See (the plaintiff's notice of claim ¶ 4);

- the plaintiff suffered a scratched cornea in his left eye, See (the plaintiff's notice of claim ¶ 4);

- the plaintiff suffered the effects of chemical agents applied to his eyes, ear, mouth, nose, and skin, See (the plaintiff's notice of claim ¶ 4);

- the plaintiff's suffered impact and contusion injuries to his head, See (the plaintiff's notice of claim ¶ 4);

- the plaintiff suffered pain and bruising to his ribs on his left side, left knee and left lower back. See (the plaintiff's notice of claim ¶ 4);

- and the plaintiff suffered severe emotional distress See (the plaintiff's notice of claim ¶ 4).

Response 4 - 3:     The health providers for the plaintiff's
physical injuries regarding the incident were the medical
providers hired by the defendant, the City of New York.
Please refer to plaintiff's response to interrogatory #4 for
the specific individuals who treated the plaintiff.

5.     **Identify all economic injuries claimed by Plaintiff as a result of the Incident
including, but not limited to, expenditures for medical, psychiatric, or psychological
treatment; lost income; property damage; and attorneys fees. Identify the specific amounts
claimed for each injury.**

Response 5 - 1:     The plaintiff is currently incarcerated,
and in the custody of the defendant, the City of New York.
The plaintiff experienced emotional, physical and
psychological injuries as a result of the incident. The
plaintiff identifies any liens that resulted from the treatment
he received from the defendants in relation to the incident.
The plaintiff includes those treatments he may incur while
in defendants' custody in the future.

6.     **Identify all of Plaintiff's employers for the past ten (10) years, including the
name, telephone number and address of each employer and the dates of
employment.**

Response 6 - 1:     The plaintiff objects to this Interrogatory
on the grounds that it is vague, ambiguous, overbroad,
unduly burdensome and seeks information that is not

5

relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 6 - 2:    Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3: "[P]rior employment ... is beyond the scope of Local Civil Rule 33.3." Nunez v. City of New York, 2013 U.S. Dist. LEXIS 70812 (S.D.N.Y. May 17, 2013).

**7.    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years.**

Response 7 - 1:    The plaintiff objects as follows: "A list of the plaintiffs' alleged injuries and treatment is presumptively excluded by Local Civil Rule 33.3." Nunez v. City of New York, 2013 U.S. Dist. LEXIS 70812 (S.D.N.Y. May 17, 2013) (Francis, J.).  This request goes even further: it seeks information concerning treatment that has no relation whatsoever to the claims at issue.  The ten-year scope of this interrogatory is unreasonably long.

Response 7 - 2:    The medical providers who have treated the plaintiff's injuries from the incident are or were at the time of the incident employed by the defendants. Please refer to the plaintiff's response to interrogatory # 1.

**8.    Has plaintiff applied for worker's compensation within the past ten (10) years? If so, identify each employer who provided worker's compensation to plaintiff.**

Response 8 - 1:    The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 8 - 2:    Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3.  Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of each category of damage alleged; or (3) the existence, custodian, location, and general description of relevant documents.  In this regard, the interrogatory is objectionable for the reasons set forth in the objections to interrogatory #6 and interrogatory #7.  In addition, the ten-year scope of this interrogatory is unreasonably long.

9.      **Has Plaintiff applied for social security disability benefits with the past ten (10) years? If so, identify each state, city, or other jurisdiction that provided social security disability benefits to each plaintiff.**

> Response 9 - 1:      The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

> Response 9 - 2:      Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3. Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of each category of damage alleged; or (3) the existence, custodian, location, and general description of relevant documents.  The ten-year scope of this interrogatory is unreasonably long.  Furthermore, a request for information regarding Social Security disability benefits applications appears to be a fishing expedition for potential sources of impeachment evidence only.

10.     **Has Plaintiff applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, city or other jurisdiction that provided Medicare and/or Medicaid to each plaintiff.**

> Response 10 - 1:    The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

> Response 10 - 2:    Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3. Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of each category of damage alleged; or (3) the existence, custodian, location, and general description of relevant documents.

> Response 10 - 3:    There is no information concerning the plaintiff's injuries that could be obtained more directly and accurately by obtaining relevant medical records.  See Nunez v. City of New York, 2013 U.S. Dist. LEXIS 70812 (S.D.N.Y. May 17, 2013) (Francis, J.) (denying motion to compel response to interrogatory about Medicaid/Medicare records).  The ten-year scope of this interrogatory is unreasonably long.  Furthermore, a request for information regarding Medicare or Medicaid applications appears to be

a fishing expedition for potential sources of impeachment evidence only.

**11.     Has Plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries with the past ten (10) years? If so, identify each claim by date, injury and insurance carrier.**

Response 11 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 11 - 2:   Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3. Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of each category of damage alleged; or (3) the existence, custodian, location, and general description of relevant documents.  Furthermore, a request for information regarding insurance benefits applications appears to be a fishing expedition for potential sources of impeachment evidence only.

**12.     Identify all government agencies to whom the Plaintiff made complaints regarding the Incident including, but not limited to, the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau ("IAB") of the New York City Police Department.**

Response 12 - 1:   The plaintiff filed a notice of claim with the office of the Comptroller of the City of New York.  See Jones - Pl - 370 - 377.

**13.     Identify each occasion on which Plaintiff has been arrested other than the Incident that is the subject of this lawsuit, including the date of the arrest, the charges for which Plaintiff was arrested, and the amount of time that Plaintiff spent incarcerated.**

Response 13 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 13 - 2:   Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3. Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant

to the subject matter of the action; (2) the computation of
each category of damage alleged; or (3) the existence,
custodian, location, and general description of relevant
documents.

Response 13 - 3:    The plaintiff has already signed a 160.50
form for the defendant's so that they can secure the
plaintiff's criminal history.

**14.    Identify each occasion in which Plaintiff was convicted of a felony or
misdemeanor, including the date of the conviction, the charges of which Plaintiff was
convicted, and amount of time that each Plaintiff spent incarcerated as a result of each
conviction.**

Response 14 - 1:    The plaintiff objects to this Interrogatory
on the grounds that it is vague, ambiguous, overbroad,
unduly burdensome and seeks information that is not
relevant or reasonably calculated to lead to the discovery of
admissible evidence.

Response 14 - 2:    Plaintiff also objects to this
Interrogatory as this request is outside the scope of Local
Rule 33.3. Specifically, this request is not limited to (1)
names of witnesses with knowledge of information relevant
to the subject matter of the action; (2) the computation of
each category of damage alleged; or (3) the existence,
custodian, location, and general description of relevant
documents.  This appears to be a fishing expedition for
potential sources of impeachment evidence only.

Response 14 - 3:    The plaintiff has already signed a 160.50
form for the defendant's so that they can secure the
plaintiff's criminal history.

**15.    Identify each lawsuit to which each Plaintiff has been a party, including the
court in which the matter was pending, the docket or index number, and the disposition of
the matter.**

Response 15 - 1:    The plaintiff objects to this Interrogatory
on the grounds that it is vague, ambiguous, overbroad,
unduly burdensome and seeks information that is not
relevant or reasonably calculated to lead to the discovery of
admissible evidence.

Response 15 - 2:    Plaintiff also objects to this
Interrogatory as this request is outside the scope of Local
Rule 33.3. Specifically, this request is not limited to (1)
names of witnesses with knowledge of information relevant
to the subject matter of the action; (2) the computation of
each category of damage alleged; or (3) the existence,

custodian, location, and general description of relevant documents. This appears to be a fishing expedition for potential sources of impeachment evidence only.

**16.    Identify each occasion on which each Plaintiff has given testimony or statements regarding the subject of this lawsuit.**

Response 16 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The plaintiff presumes the term "statements" is limited to sworn statements.

Response 16 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, and with the foregoing assumption in mind, the plaintiff responds as follows: Plaintiff submitted a notice of claim in this matter. See Jones - PI - 370 - 377.

**17.    Identify all treating physicians and other medical providers that Plaintiff intends to call at the time of trial.**

Response 17 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The plaintiff objects that this interrogatory demands trial strategy. Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, plaintiff responds as follows:

Response 17 - 2:   The plaintiff refers defendants to those medical providers mention in the plaintiff's response to interrogatory #1.

**18.    Identify all experts that Plaintiff expects to call at the time of trial and provide all correspondence between counsel for plaintiff and any such experts, any notes taken by any such expert and provide all disclosures required pursuant to Federal Rule 26(a)(2).**

Response 18 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 18 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows: No experts identified at this time. Plaintiff reserves the right to disclose further experts.

**19.     Identify all documents prepared by Plaintiff, or any other person, that relate to the Incident, claims and subject matter of this litigation.**

Response 19 - 1:   The plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory purports to demand all documents prepared by any human being on the face of the earth ("any other person"), without limitation in time, if such document "relates" in any way to the "subject matter of the litigation."

Response 19 - 2:   Notwithstanding and definitely without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows: the plaintiff identifies the documents already produced by the defendants in their Fed. R. Civ. P. 26(a)(1)(A) disclosure, plaintiff's notice of claim and medical records:

- Notice of claim. See Jones - Pl - 370 - 377

- Medical records. See Jones - Pl - 1 - 369

**20.     Identify all Freedom of Information Law requests and any responses thereto, made by Plaintiff or by anyone on Plaintiff's behalf, concerning Plaintiff's claims in this litigation.**

Response 20 - 1:   Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 20 - 2:   Plaintiff also objects to this Interrogatory as this request is outside the scope of Local Rule 33.3. Specifically, this request is not limited to (1) names of witnesses with knowledge of information relevant to the subject matter of the action; (2) the computation of each category of damage alleged; or (3) the existence, custodian, location, and general description of relevant documents.  Plaintiff objects that this interrogatory improperly seeks disclosure of work product and trial strategy.

11

Response 20 - 3:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, plaintiff responds as follows:

- The plaintiff does not presently have any requests to identify.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VERNON JONES,

                                                   INDEX NO. 14-cv-8927 (PGG)

                                                   ECF CASE

                        PLAINTIFF,

        -against-

                                              **PLAINTIFF'S RESPONSES
                                              TO MUNICIPAL
                                              DEFENDANTS' FIRST SET
                                              OF DOCUMENT
                                              REQUESTS**

THE CITY OF NEW YORK, et al.,

                         DEFENDANTS.
----------------------------------------------------------------X

## RESPONSES TO DEFENDANTS' REQUESTS FOR THE PRODUCTION OF

## DOCUMENTS

1.      Produce all the documents identified in the preceding Interrogatories.

                      Response 1 - 1:    The plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

                      Response 1 - 2:    Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows: The plaintiff produce the following documents which are responsive to this request:

- The plaintiff's medical records. See Jones - Pl - 1 - 369.

- The plaintiff's notice of claims. See Jones - Pl - 370 - 377.

- The plaintiff also identified all documents produced by the defendants.

2.     **Produce all documents regarding the Incident, including documents concerning Plaintiff's arrest and criminal prosecution (if any), the minutes of any Grand Jury proceedings and criminal court transcripts, and any and all other documents concerning the Incident in Plaintiff's possession, custody or control.**

                      Response 2 - 1:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly

13

unduly burdensome and seeks information that is not
relevant or reasonably calculated to lead to the discovery of
admissible evidence.

Response 2 - 2:          Notwithstanding and without
waiving or in any way limiting these objections or
Plaintiff's General Objections, Plaintiff responds as
follows: Plaintiff has produced all documents in his
possession pursuant to the other document requests.

Response 2 - 3:     At this time all remaining documents
concerning the incident are in the possession of the
defendants.

3.      **Produce all medical records including, but not limited to, records of doctors,
hospitals, psychiatrists, psychologists, social workers, and other counseling services, in
Plaintiff's possession, custody, or control for treatment received by Plaintiff since the
Incident and for the five years prior to the Incident, including treatment for any injury
resulting from the Incident.**

Response 3 - 1:     Plaintiff objects to this Request on the
grounds that it is vague, ambiguous, overbroad, unduly
burdensome and seeks information that is not relevant or
reasonably calculated to lead to the discovery of admissible
evidence.

Response 3 - 2:     Notwithstanding and without waiving or
in any way limiting these objections or Plaintiff's General
Objections, Plaintiff responds as follows:

- Please see, Jones - Pl - 1 -370.

4.      **Produce all photographs and other audio-visual materials documenting the
Incident, the scene of the Incident, and all injuries that resulted from the Incident, including
injuries to the person and property. Defendants request exact duplicates of the original
photographs and audio-visual materials.**

Response 4 - 1:     Plaintiff objects to this Request on the
grounds that it is vague, ambiguous, overbroad, unduly
burdensome and seeks information that is not relevant or
reasonably calculated to lead to the discovery of admissible
evidence.

Response 4 - 2:     Notwithstanding and without waiving or
in any way limiting these objections or Plaintiff's General
Objections, Plaintiff responds as follows: The plaintiff has
no video or photographs in his possession.

5.      **Produce all documentation of damages that Plaintiff alleges stem from the
Incident, including, but not limited to, expenditures for medical, psychiatric, or
psychological treatment; lost income; property damage; and attorney's fees.**

**Documentation includes, but is not limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.**

> Response 5 - 1:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
>
> Response 5 - 2:    Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows:
>
> - see Jones - Pl - 1 - 373

**6.       Produce all subpoenas served on any party, or any individual or entity, concerning this litigation.**

> Response 6 - 1:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
>
> Response 6 - 2:    Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows: Plaintiff does not know of any subpoenas served on any party concerning this litigation.

**7.       Produce all documents received in response to any subpoenas served.**

> Response 7 - 1:    The plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
>
> Response 7 - 2:    The plaintiff has no documents received in response to a subpoena.

**8.       Produce all documents that relate to all complaints made by plaintiff to any government agency regarding the incident including, but not limited to, Inspector General's ("IG's") Office, Board of Correction and Department of Investigation.**

> Response 8 - 1:    The plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 8 - 2:      Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff has already produced the following documents:

- The plaintiff's notice of claim.  See Jones - Pl - 370 - 377.

9.      **If the plaintiff is claiming lost income in this action, produce plaintiffs federal and state income tax returns since the Incident and for the five years prior to the Incident.**

Response 9 - 1:           Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 9 - 2:           The plaintiff is not claiming lost income in this action.

10.      **Produce: (a) all expert disclosures required pursuant to Federal Rule26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiffs counsel, or anyone acting for or on behalf of plaintiff or plaintiff's counsel, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiffs counsel has provided to the expert regarding the expert's expected testimony andlor examination of plaintiff; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiff, plaintiffs counsel, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiffs counsel in this action.**

Response 10 - 1:   Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 10 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows:

Response 10 - 3:   The plaintiff has not identified any expert in response to Interrogatory 18.  Otherwise, the demand requires that the plaintiff determine what is 'required' by FRCP 26(a)(2), and is therefore an improper demand.

11.      **Complete and provide the annexed blank authorizations for release of plaintiffs medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident.**

16

Response 11 - 1:   Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The demand seeks releases for a period of time from 8/1/2009 to the present (6 years) without limiting the scope of records demanded to those relating to treatment relevant to this case.  For example, if the plaintiff saw a podiatrist for an ingrown toenail in January 2009, such records would fall within the scope of this request.  Such records would be completely irrelevant to this case.

Response 11 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows: the plaintiff has already provided the releases required for the physicians and facilities that treated the plaintiff for his injuries.

**12.    Complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55. Note that the authorization for access to plaintiffs records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 that is annexed hereto differs from the authorization that may have been provided at the outset of this litigation in that it is not limited to documents pertaining to the arrest and/or prosecution that is the subject of this litigation.**

Response 12 - 1:   Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Response 12 - 2:   Since the plaintiff was not arrested, this information could be used only for illegitimate impeachment purposes.  The plaintiff has not placed his criminal history, if any, at issue and has not waived the privilege in sealed records, if any.

Response 12 - 3:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows:

Response 12 - 4:   The plaintiff has already provided access to these records to the defendants.

**13.    Complete and provide the annexed blank authorization for access to plaintiffs records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55**

Response 13 - 1:          Plaintiff objects to this Request
on the grounds that it is vague, ambiguous, overbroad,
unduly burdensome and seeks information that is not
relevant or reasonably calculated to lead to the discovery of
admissible evidence.

Response 13 - 2:    Since the plaintiff was not arrested, this
information could be used only for illegitimate
impeachment purposes.  The plaintiff has not placed his
criminal history, if any, at issue and has not waived the
privilege in sealed records, if any.

Response 13 - 3:    Notwithstanding and without waiving or
in any way limiting these objections or Plaintiff's General
Objections, Plaintiff responds as follows:

Response 13 - 4:    The plaintiff has already provided
access to these records to the defendants

**14.      Complete and provide the annexed blank authorizations for release of
employment records for each of plaintiff's employers for the past ten (10) years.**

Response 14 - 1:          Plaintiff objects to this Request
on the grounds that it is overbroad, unduly burdensome and
seeks information that is not relevant or reasonably
calculated to lead to the discovery of admissible evidence.
Since the plaintiff is not asserting a claim for lost wages,
this information could be used only for illegitimate
impeachment purposes.

**15.      Complete and provide the annexed blank authorization for the
unemployment records, if any, of plaintiff.**

Response 15 - 1:    Plaintiff objects to this Request on the
grounds that it is overbroad, unduly burdensome and seeks
information that is not relevant or reasonably calculated to
lead to the discovery of admissible evidence.  Since the
plaintiff is not asserting a claim for lost wages, this
information could be used only for illegitimate
impeachment purposes.

**16.      Complete and provide the annexed blank authorizations for insurance
carriers with whom plaintiff has made claims within the past ten (10) years.**

Response 16 - 1:    Plaintiff objects to this Request on the
grounds that it is overbroad, unduly burdensome and seeks

18

information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The 10-year scope of this demand is absurdly broad. The demand is not limited to health insurance. The plaintiff's car insurance, if any, is irrelevant to this case. The demand is not limited to claims related to the injuries at issue in the case, and is therefore improper.

Response 16 - 2:   All medical care provided in relation to the incident was provided by the defendant's employees or contractors while the plaintiff was in the custody of the defendants.

**17.     Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by plaintiff.**

Response 17 - 1:   The plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence for the reasons stated in response to Interrogatory 9.

Response 17 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows:

**18.     Complete and provide the annexed blank authorization for plaintiffs Medicare and/or Medicaid records.**

Response 18 - 1:   The plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, for the reasons stated in response to Interrogatory # 10.

Response 18 - 2:   Notwithstanding and without waiving or in any way limiting these objections or Plaintiff's General Objections, Plaintiff responds as follows:  the plaintiff has not received Medicare/Medicaid benefits.

**19.     Complete and provide the annexed blank authorization for plaintiffs parole records, if plaintiff was on parole when the Incident occurred.**

19

Response 19 - 1:   This request is clearly inapplicable because the incident occurred while the plaintiff was being held in the defendant' custody at Rikers Island.

DATED:         New York, New York
               August 6, 2015


                              Respectfully submitted,


                              DAVID A. THOMPSON [DT 3991]
                              STECKLOW & THOMPSON
                              ATTORNEYS FOR PLAINTIFF
                              217 Centre – 6th Floor
                              New York, New York 10013
                              [212] 566-8000
                              [212] 202-4952/FAX
                              Dave@SCTLaw.nyc