

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

BEN KURUVILLA
*Senior Counsel*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvilr@law.nyc.gov

February 4, 2016

**By ECF (courtesy copy by facsimile)**
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   Vernon Jones v. City of New York, et al.,
>       14 Civ. 8927 (PGG)

Dear Judge Gardephe:

I am a Senior Counsel in the New York City Law Department, assigned to represent the defendants in this matter.  I write in response to plaintiff's letter, dated February 4, 2016, and in further support of defendants' letter motion, dated February 3, 2016.

### A.  Plaintiff's Counsel's Refusal to Cooperate with Scheduling Plaintiff's Deposition

Plaintiff's response to defendants' February 3 letter is simply astounding.   Plaintiff's counsel does not respond to the charge that he has refused to provide a date he is available for plaintiff's deposition.  He gives no justification for not providing a date.  Plaintiff's counsel then has the temerity to assert that "defendants have not actually served a notice of deposition for February 11th on plaintiff" and therefore he is not required to produce his client for a deposition. Counsel goes on to state that because his client is incarcerated, nine days' notice is not sufficient for him to meet with and prepare his client for deposition.

In fact, on July 1, 2015, defendants served a Notice of Deposition for plaintiff's deposition, leaving the date of the deposition open.  As plaintiff's counsel is aware, plaintiff has been incarcerated on charges of attempted murder and assault since the outset of this litigation. Since plaintiff is incarcerated, I cannot simply unilaterally insert a date into a deposition notice and assume that the facility will produce plaintiff on that date.   Instead, a Court Order is required.   In my experience with every case I have had with an incarcerated plaintiff, I have obtained a Court Order with all counsel's cooperation.   The parties select a date, the date is cleared with the facility and the parties then submit a proposed order for the court to endorse.   In this case, after serving the Notice of Deposition on July 1, I requested that plaintiff's counsel

provide a date for his client's deposition.  He refused to do so until he had viewed the video of the incident.    As the Court knows, that issue dragged on for months until plaintiff's counsel finally acknowledged viewing the video recently.[1]   I have since asked plaintiff's counsel to provide a date he is available for plaintiff's deposition so that I can insert it into the proposed Order.  He has refused.  Plaintiff's February 4 letter does not address why he has refused to cooperate and provide a date.   I am at a loss to understand why not.

I have handled a large number of Department of Correction cases involving incarcerated plaintiffs.  This is the first time in my experience that a plaintiff's counsel has not cooperated with scheduling an incarcerated plaintiff's deposition.   In recent weeks, in other matters, I have obtained Court orders and taken depositions at Sing Sing Correctional Facility in Ossining and at Downstate Correctional Facility in Fishkill.  I have previously obtained orders and conducted depositions at Manhattan Detention Complex and facilities on Rikers Island.    All of these depositions were facilitated with complete cooperation of the counsel involved.  The experience I have had with plaintiff's counsel in this case is highly unusual and unprecedented.  Knowing full well the hurdles involved with scheduling an incarcerated plaintiff's deposition, plaintiff's counsel is apparently using the fact of his client's incarceration as a mechanism to avoid having to produce his client for deposition.   Accordingly, I respectfully request that the Court endorse the proposed order for plaintiff's deposition, attached to defendants' February 3 letter as Exhibit B, so that plaintiff's deposition can go forward.  If  plaintiff's  counsel requires more time to prepare his client before February 11, as he asserts in his February 4 letter, the proposed Order allows for the parties to agree upon a later date that is convenient for everyone and I would gladly agree to that.

### B. Plaintiff's Counsel's Refusal to Cooperate with Scheduling Defendants' Depositions

Despite his outright refusal to cooperate with scheduling plaintiff's deposition, plaintiff's counsel insists that the deposition notices he served, with unilaterally selected dates for defendants, must go forward on those dates with no exception.  Plaintiff insists on this even though I have informed him that the dates do not work for defendants and for me.  Moreover, contrary to counsel's assertions, I did not delay in reporting my unavailability and defendants' unavailability for the noticed dates. In fact, I responded within 5 minutes to the served notices and indicated I would need to confirm the dates.  I then responded after only 3 business days and reported the unavailability for the noticed dates.   In fact, I gave plaintiff's counsel about 7-10 days' notice prior to the noticed depositions that defendants could not be produced on the respective dates.  This is hardly an unreasonable delay.

---

[1] Although I'd prefer not to belabor the video issue, which has now been resolved, plaintiff's counsel made representations in his February 4 letter which are simply inaccurate.  The assertion that I provided inaccurate information about DOC's ability to output the video in a different format is not true.   DOC is only able to output this video in one format.  However, since plaintiff claimed he could not view it, DOC's IT department went through extraordinary efforts to convert the video footage into another format for plaintiff's counsel's convenience.   Accordingly, no inaccurate information was ever provided to plaintiff's counsel.

Plaintiff's counsel expresses concern with the February 16 discovery deadline and therefore insists that the defendants' depositions go forward only on the dates noticed, which are February 9-12. If counsel was truly concerned about the discovery deadline, then he should not have noticed depositions to occur on the final days of discovery, leaving no flexibility for defendants or counsel to schedule them according to availability. In all the cases I have handled in more than a decade of experience, I have never encountered a scenario where plaintiff's counsel did not cooperate with scheduling a mutually convenient date and time for defendants' depositions. Again, based on my experience, plaintiff's counsel's behavior is bizarre and unprecedented. His behavior also clearly runs afoul of Local Civil Rule 26.4 on discovery:

> Local Civil Rule 26.4. Cooperation Among Counsel in Discovery [formerly Local Civil Rules 26.5 and 26.7]
> (a) Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

It appears that plaintiff's counsel would be best served by reviewing this rule and making greater efforts to follow it.

Accordingly, I request that the Court order plaintiff to comply with the local rule and agree to schedule the defendants' depositions on mutually convenient dates for everyone. To that end, the Court should reject plaintiff's request that priority be given to completing defendants' depositions before plaintiff's deposition. Plaintiff's assertion that defendants' deposition was noticed first is false. I noticed plaintiff's deposition on July 1, 2015. Since then, plaintiff has refused to cooperate to schedule it. Further, based on plaintiff's counsel's bizarre behavior and lack of professional courtesy with scheduling depositions, I have growing concerns that he will simply refuse to produce his client for a deposition in this matter. Accordingly, I request that plaintiff's deposition be completed before any defendant's deposition goes forward.

## C. Stipulation

I will respond briefly to plaintiff's assertions about the stipulation. As noted in defendants' February 3 letter, this is a simple issue. Defendants do not agree to the language contained in the purported "stipulation" attached to plaintiff's January 25 letter. Defendants would agree to the stipulation, with the slight modifications reflected in the handwritten notes contained in Exhibit A to defendants' February 3 letter. These include a change to reflect that the video issue is resolved. As noted in defendants' February 3 letter, plaintiff's counsel will not read the proposed changes and instead requests that the Court endorse a "stipulation" that is not agreed to. Again, counsel's conduct speaks for itself. I request that the Court direct plaintiff's counsel to review the proposed changes and advise me if he agrees to them. The parties can then submit a signed stipulation to the Court.

## D. Defendants' Discovery Demands

In defendants' February 3 letter, I indicated that plaintiff had not responded to defendants' discovery demands. In plaintiff's February 4 response letter, he attached a copy of

responses to defendants' discovery demands and represents that these responses were served by e-mail on August 6, 2015.   I do not have a record of receiving these responses previously.  This underscores the issue with serving discovery responses or pleadings by e-mail alone without also providing a hard copy by mail or hand delivery.  In any event, since plaintiff represents that he e-mailed these responses on August 6, 2015, and has also attached the responses to his February 4 letter to the Court, defendants will withdraw the portion of their February 3 letter which requested that the Court order plaintiff to answer these discovery demands.  See page 5, Heading No. 4.

### E.  Conclusion; Relief Sought

In summary, defendants' respectfully request that the Court (1) so-order the proposed Order for plaintiff's deposition, which is attached to defendants' February 3 letter as Exhibit B, (2) deny plaintiff's request to compel defendants to appear for depositions on dates they and counsel are not available, and instead direct plaintiff's counsel to cooperate and schedule these depositions on dates that are mutually convenient, (3) deny plaintiff's request that priority be given to completion of defendants' deposition before plaintiff's deposition and, instead (4) order that plaintiff's deposition be completed before defendants' deposition, (5) deny plaintiff's request to "so-order" the disputed "stipulation" and instead direct plaintiff to read defendants' proposed changes and advise me if they are acceptable so that the parties can submit a signed stipulation, (6) grant a discovery extension until March 4, 2016 so that the parties can schedule and complete depositions and any remaining discovery and (7) if the Court is inclined to grant the discovery extension, extend the date for submission of pre-motion letters and responses.

I thank the Court for its time and attention to this matter.

Sincerely,

*/s/ Ben Kuruvilla*

Ben Kuruvilla

cc:   **VIA ECF**
      David Thompson, Esq.