UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

VERNON JONES,

             :    14 Civ. 8927 (PGG)(AJP)

     Plaintiff,

             :

   -against-            **ORDER SCHEDULING**

             :    **DISCOVERY CONFERENCE**

THE CITY OF NEW YORK, et al.,

     Defendants.       :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

     IT IS HEREBY ORDERED that a discovery conference is scheduled for February 11, 2016 at 3:30 PM before the undersigned in Courtroom 20D (500 Pearl Street).

     Counsel are advised that my chambers (Room 1370, 500 Pearl Street) are to be provided with a courtesy copy of all papers hereafter filed with the Court. The parties are to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is attached.

     SO ORDERED.

Dated:     New York, New York
        February 10, 2016

                _____
                **Andrew J. Peck**
                United States Magistrate Judge

Copies ECF to:    All Counsel
           Judge Gardephe

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

Cases come before magistrate judges in one of two ways: for one or more specific purposes pursuant to an order of reference by the assigned district judge, or, on consent of the parties, for all purposes pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. Any appeal is directly to the Court of Appeals and the right to a jury trial is preserved.

It is the uniform practice of the magistrate judges in this District to schedule trials in civil consent cases for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should counsel wish to consent to have Judge Peck hear their case for all purposes, the necessary form is available at http://www1.nysd.uscourts.gov/judge/peck.

Unless otherwise ordered by Judge Peck, matters before him shall be conducted in accordance with the following practices. These practices are applicable to cases before Judge Peck if the matter is within the scope of the district judge's order of reference or if the case is before Judge Peck for all purposes pursuant to 28 U.S.C. § 636(c). Otherwise, the practices of the district judge to whom the case is assigned apply.

**1. Communications With Chambers**

**A. Letters.** Except as otherwise provided below, communications with the Court should be by letter. Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, letters should be filed electronically on ECF. Letters to be filed under seal or containing sensitive or confidential information should be delivered to the Court by fax. Whether filed electronically or not, letters (together with any related exhibits) may not exceed 15 pages in length. Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at 212-805-0036.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 15 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 212-805-7933.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Judge Peck's secretary, Diane Kelly, at 212-805-0036.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions. (If a request

contains sensitive or confidential information, it may be submitted by fax in lieu of being filed electronically.) The letter-motion must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least two days prior to the scheduled appearance. Extension requests usually will not be granted unless they are made reasonably in advance of the date(s) sought to be extended.

2. **Motions**

    **A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

    **B. Letter-Motions.** Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions." In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions. A courtesy copy should not be provided to Chambers.

    **C. Courtesy Copies.** Courtesy copies of all motion papers, pleadings, objections and other Court filings (including any correspondence to the District Judge), marked as such, should be submitted for chambers, including in ECF cases. Courtesy copies are to be provided to Judge Peck's chambers at the time the papers are served on the adversary, regardless of when the motion papers are filed and regardless of whether the motion will be decided by Judge Peck or the District Judge.

    **D. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

    **E. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

    **F. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    **G. Briefing Schedule.** Papers in opposition to a motion are to be served 14 days after service of the motion and reply papers (if any) 7 days thereafter, unless a different schedule has been ordered by the Court.

3. **Pretrial Procedures**

    **A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or within 30 days of decision by the Court of a case-dispositive summary judgment motion, the parties shall submit to the court for its approval a joint pretrial order, which shall include the information required by Federal Rule of Civil Procedure 26(a)(3) plus the following:

        i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, along with the Proposed Pretrial Order:

i. In jury cases, requests to charge and proposed voir dire questions, and where applicable, a proposed special verdict form. The parties must submit a single, unified set of proposed jury instructions on the law applicable to the specific case; where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. In addition to the paper copy, an electronic version, in WordPerfect if possible, must be emailed to my secretary at Diane_M_Kelly@nysd.uscourts.gov. This email address may not be used for any other submissions absent prior Court approval.

ii. In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iii. In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>; and

iv. In any case where such party believes it would be useful, a pretrial memorandum.

v. In all cases, two sets of each party's pre-marked trial exhibits.

Copies of Judge Peck's "standard" jury instructions on the trial process and "standard" voir dire questions are available from chambers.

**4.     Other Information**

**A. "Rocket Docket."** The parties should be aware that Judge Peck runs a "rocket docket." Discovery disputes should be brought to the Court's attention promptly; in the Court's discretion, belated applications to compel discovery may be denied as untimely.

**B. Electronic Discovery.** I endorse the "Sedona Conference Cooperation Proclamation," available at www.TheSedonaConference.Org. Counsel also should be familiar with my decision in <u>William A. Gross Constr. Assocs., Inc.</u> v. <u>Am. Mfrs. Mutual Ins. Co.</u>, 256 F.R.D. 134 (S.D.N.Y. 2009), and Judge Grimm's decision in <u>Mancia</u> v. <u>Mayflower Textiles Servs. Co.</u>, 253 F.R.D. 354 (D. Md. 2008).

1